UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS AND BREWS, LLC, and RICHARD LAWHORN, | ) ) ) | |
| *Plaintiffs*, | ) ) ) | Case No. 3:23-CV-181 |
| v. | ) ) | Judge Curtis L. Collier |
| CITY OF KNOXVILLE, TENNESSEE, SRGT. JOHN COWARD, and STEVEN GROOMS, | ) ) ) ) | |
| *Defendants.* | ) ) | |

## MEMORANDUM & ORDER

Before the Court is a motion styled as a second motion for leave to amend the complaint in this matter filed by Plaintiffs Billiards and Brews LLC (B&B) and Richard Lawhorn (collectively "Plaintiffs"). (Doc. 48.) Defendants have not responded.

Plaintiffs filed their complaint on May 23, 2023, and a first amended complaint on November 15, 2023. (Docs. 1, 40.) Plaintiffs now assert that they seek to add three claims to their complaint. (*Id*. ¶ 8.) Plaintiffs also seek to add as defendants Agent Jamie Prater, Knox County District Attorney Charme, and Knox County, Tennessee.[1] (*Id*. ¶ 7.) In support of the motion, Plaintiffs assert that the facts they wish to add to their complaint occurred on April 9, 2024. (*Id*. ¶ 9.) They argue the motion is not futile, does not create undue delay, is not motivated by bad faith or dilatory motive, and that Plaintiffs have not repeatedly failed to cure deficiencies by previous amendments. (*Id*.) Plaintiffs also argue the proposed amendment would not create undue

---

[1] Plaintiffs' motion lists two new defendants, while their proposed pleading (Doc. 48-1) includes three new defendants. (*Id*. ¶¶ 6–8.) The Court construes Plaintiff's motion (Doc. 48) to request to add the three defendants listed in the proposed pleading (Doc. 48-1).

prejudice to Defendants because the facts they seek to add to their pleading occurred on April 9, 2024. (*Id.*) Plaintiff's motion makes no argument regarding adding facts that occurred on any other date. (*See* Doc. 48.)

Plaintiffs' proposed pleading (Doc. 48-1) restates Plaintiffs' first amended complaint nearly verbatim, in addition to adding new facts, claims, and parties. (*See id.*) The proposed pleading also adds new factual allegations—both facts alleged to have occurred on April 9, 2024, and facts providing additional detail regarding the previously-pleaded allegations. (*See id*; *compare id*. *with* Doc. 40.)

"When a party wishes to plead facts about 'any transaction, occurrence, or event that happened after the date of' the party's initial pleading, that party should rely on a supplemental pleading pursuant to Rule 15(d), not on an amended pleading pursuant to Rule 15(a)." *United States v. Napper*, No. 3:17-cv-1478, 2023 U.S. Dist. LEXIS 31909, at *5-6 (M.D. Tenn. Feb. 27, 2023) (quoting Fed. R. Civ. P. 15(d)). Amended pleadings "relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading." *Id*. at 6 (quotation and citation omitted). Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." *Id*. (quotation and citation omitted). Rule 15(d) also allows "that persons participating in these new events may be added if necessary." *Griffin v. Cty. Sch. Bd.,* 377 U.S. 218, 227 (1964).

Here, Plaintiffs wish to add new facts that occurred on April 9, 2024, after the filing of the original pleading. (Doc. 48 ¶ 9; *see* Doc. 40.) Accordingly, the Court construes Plaintiffs' motion as requesting leave to file a supplemental pleading.

Rule 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event

that happened after the date of the pleading to be supplemented." District courts have "broad discretion in allowing a supplemental pleading." *Hudson v. Corecivic*, No. 3:21-cv-00319, 2023 U.S. Dist. LEXIS 109230, at *6 (M.D. Tenn. June 24, 2023) (citation omitted). "In exercising its discretion to grant or deny a motion to file a supplemental pleading a court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Id*. (quotation and citation omitted). A supplemental pleading "is futile if it merely restates the same facts as the original complaint in different terms or reasserts a claim on which the court previously ruled." *Harbison v. Little*, 723 F. Supp. 2d 1032, 1036 (M.D. Tenn. 2010) (finding the same standard for futility applies to a Rule 15(d) motion to supplement as a Rule 15(a) motion to amend) (quotation and citation omitted).

It is unclear from the proposed pleading (Doc. 48-1) against which parties Plaintiffs wish to assert their three new claims. The Court is therefore unable to determine whether the supplemental filing is futile.

Accordingly, the Court **RESERVES RULING** on Plaintiffs' motion (Doc. 48). Plaintiffs are **DIRECTED** to file a proposed supplemental pleading on or before **September 9, 2024.** The supplement **SHALL be limited** to the matters specified in Plaintiffs' motion (Doc. 48). The supplement **SHALL (1)** state the jurisdictional basis for Plaintiffs' new claims; **(2)** specify the parties Plaintiffs wish to add; **(3)** state facts alleged to have occurred since filing the amended complaint only; **(4)** expressly plead Plaintiffs' new claims, including any claims previously pleaded against existing parties and now asserted against new parties; and **(5)** specify the parties

3

against whom each new claim is made.  Plaintiffs' supplemental filing **SHALL NOT** restate facts or claims against existing parties pleaded in the first amended complaint.

      **SO ORDERED.**

      **ENTER:**

**/s/**_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**
