UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| BILLIARDS AND BREWS, LLC, and RICHARD LAWHORN, | ) ) ) |
| *Plaintiffs*, | ) ) |
| v. | ) Case No. 3:23-cv-181 ) ) Judge Curtis L. Collier |
| CITY OF KNOXVILLE, TENNESSEE, | ) Magistrate Judge Debra C. Poplin ) |
| *Defendant*. | ) |

**M E M O R A N D U M**

Before the Court is a motion for summary judgment by the City of Knoxville, Tennessee ("the City"), pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Doc. 64.) Plaintiffs, Billiards and Brews, LLC ("B&B") and Richard Lawhorn, responded to the motion (Doc. 76). In their response, Plaintiffs request that "any evidence required to fulfill their burden to show a genuine issue of fact in support of their remaining claims of retaliation be continued until discovery is completed, pursuant to Federal Rule of Civil Procedure 56(d)." (*Id.* at 4.) The City replied (Doc. 80), and the motion is now ripe for review.

**I. BACKGROUND**[1]

During the COVID-19 pandemic, the City adopted by ordinance a Knox County Health regulation requiring restaurants and bars serving food and alcohol to close in-house service after 10 p.m. This action arises from disputes over the City's efforts to enforce the 10 p.m. curfew on Plaintiffs.

---

[1] Factual disputes and reasonable inferences regarding the underlying facts are presented in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### A.     Plaintiffs' Prior Two Actions Arising from the COVID-19 Curfew

Prior to filing the instant action, two other actions were filed arising from enforcement of the City's COVID-19 curfew. B&B filed the first action on March 29, 2021, in the Chancery Court for Knox County, Tennessee, against the City and the Knoxville City Council alleging, among other things, violations of the United States Constitution arising from the adoption of a health regulation that placed a 10 p.m. curfew on restaurants and bars serving food and alcohol in Knoxville. (Case No. 3:21-CV-120-CLC-HBG, Doc. 1-1, ¶¶ 10–11). The defendants removed this action to this Court on April 1, 2021. (*Id.*, Doc. 1.)

B&B, which is wholly owned by Richard Lawhorn, is a sports bar in Knoxville, Tennessee, serving food and alcohol. (Doc. 1-1 ¶ 5.) In this complaint, B&B asserted, among other things, that the ordinance establishing the 10 p.m. curfew violated the Equal Protection Clause of the Fourteenth Amendment and the right of association protected by the First Amendment. (*Id.*, Doc. 1-1, ¶¶ 42–57.) On April 14, 2021, B&B voluntarily dismissed this action without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i). (*Id.*, Doc. 15.)

B&B and Lawhorn filed the second action arising from the COVID-19 curfew on February 8, 2022, in this Court. (Case No. 3:22-CV-48-TRM-JEM, Doc. 1.) The plaintiffs named seven defendants: the City; the Mayor of the Knoxville, Indya Kincannon; the Knoxville Beer Board; the Tennessee Alcohol Beverage Commission ("TABC"); Special Agent Steven Grooms of the TABC; Sergeant John Coward of the Knoxville Police Department; and Attorney for the City, Alyson Dyer. (*Id.,* Doc. 1 ¶¶ 3–10.) The complaint alleged that between December 4, 2020, and January 22, 2021, Sergeant Coward entered B&B after curfew and reported alcohol was being served when, in fact, no alcohol was being served. (*Id.,* Doc. 1 ¶¶ 33–45.) Sergeant Coward issued

2

Case 3:23-cv-00181-CLC-DCP    Document 101    Filed 09/16/25    Page 2 of 20
PageID #: 770

B&B citations for each occasion for failure to close at 10 p.m. (*Id.*, Doc. 1 ¶ 46.) As a result, B&B's liquor license was revoked. (*Id.*, Doc. 1 ¶¶ 50–51.)

The plaintiffs brought several claims against the defendants including a claim under 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment "to deprive the Plaintiffs of their property rights," (*id.*, Doc. 1 ¶¶ 58–59), and a claim under 42 U.S.C. § 1985 for conspiracy "to violate the Plaintiffs' right to Equal Protection of the laws" (*id.*, Doc. 1 ¶¶ 65–69). Before any defendants were served in this case, the plaintiffs voluntarily dismissed this action on May 23, 2022, pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(A)(i). (*Id.*, Doc. 6.)

**B.     Procedural History of the Current Action**

Subsequently, on May 23, 2023, Plaintiffs B&B and Lawhorn filed this action against the City, the TABC, and Sergeant John Coward. (Doc. 1.) Like the prior two actions, this action also arises from disputes centered on the City's COVID-19 curfew. Plaintiffs initially alleged violations of their constitutional rights and state law. (*Id.* at 19–21.)

This Court gave Plaintiffs leave to amend their complaint on November 13, 2023. (Doc. 39.) In this first amended complaint, Plaintiffs removed TABC as a defendant and added TABC agent Steven Grooms as a defendant. (Doc. 40 at 1, ¶ 3.) On July 14, 2024, Plaintiffs filed a second motion to amend. (Doc. 48.) Because the proposed pleading added new facts, claims, and parties, the Court construed Plaintiffs' motion as requesting leave to file a supplemental pleading. (Doc. 51 at 1.) The Court reserved ruling on Plaintiffs' motion and directed Plaintiffs to file a proposed supplemental pleading before September 9, 2024. (*Id.* at 3.) Plaintiffs failed to file a proposed supplemental pleading, so the Court denied the second motion to amend their complaint (Doc. 48). (Doc. 57.)

On September 11, 2024, the Court granted Defendant Coward's motion to dismiss (Doc. 41), and dismissed all claims against him except for one: the § 1983 claim alleging retaliation for exercising First Amendment rights. (Doc. 55.) On October 15, 2024, the Court dismissed Defendant Grooms without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for failure to timely serve him with process. (Doc. 58.)

Subsequently, on December 5, 2024, Defendant Coward filed a motion for summary judgment (Doc. 61) asserting Plaintiffs' First Amendment retaliation claim was barred by the applicable one-year statute of limitations for civil rights actions filed in Tennessee. (Doc. 62 at 1.) Defendant Coward contended that Plaintiffs' retaliation claim accrued no later than January 28, 2021, and noted that this action was filed on May 23, 2023, more than one year after the retaliation claim accrued. (*Id.*) In response, Plaintiffs stated they did not oppose Defendant Coward's motion for summary judgment. (Doc. 75 at 1.) On May 7, 2025, the Court granted the motion. (Doc. 97.) Consequently, Defendant Coward is no longer a defendant in this action, leaving the City as the only Defendant. On December 6, 2024, the City filed its own motion for summary judgment. (Doc. 64.) Plaintiffs responded to the motion (Doc. 76), and the City replied (Doc. 80).

Following the City's motion for summary judgment, Plaintiff filed a Rule 37 motion for sanctions against the City and its counsel for not submitting a copy of its insurance policy. (Doc. 68.) The City then filed a motion for protective order requesting the Court stay discovery pursuant to Rule 26(c) until the Court resolved the City's pending motion for summary judgment. (Doc. 69.) Magistrate Judge Debra C. Poplin denied the motion for sanctions and ordered the parties to "participate in a good-faith meet and confer." (Doc. 88 at 3.)

Subsequently, Plaintiffs filed a motion for leave to file a second amended complaint. (Doc. 77.) Plaintiffs moved to add the City's Police Chief, Paul Noel, as a defendant and to assert two

4

claims of retaliation in violation of the First Amendment brought under 42 U.S.C. § 1983 against the City of Knoxville, Tennessee, (the "City") and Chief Noel. Plaintiffs asserted that the proposed second amended complaint "would resolve all issues raised in [the City's] motion for summary judgment, relates back to the facts asserted in the initial complaint, and would clarify the allegations and claims asserted by the plaintiffs in light of [the City's] instant motion." (Doc. 76 at 1.)

The City filed an amended motion for protective order requesting the Court stay discovery pursuant to Rule 26(c) until the Court resolved the City's pending motion for summary judgment and Plaintiffs' third motion to amend the complaint. (Doc. 93.) The City argued "the discovery sought by the plaintiffs is not necessary for resolution for the motions" and "permitting discovery to proceed while the motions are pending will cause annoyance, oppression, undue burden[,] and expense." (*Id*. at 5.) Magistrate Judge Poplin granted the City's motion and stayed discovery pending resolution of the motions. (Doc. 98.)

On August 29, 2025, the Court denied Plaintiffs' motion to amend the complaint and determined "[t]he first amended complaint (Doc. 40) remains the operative complaint and Defendants' motion for summary judgment (Doc. 64) remains pending." (Doc. 100 at 1.)

### C. The First Amended Complaint

The first amended complaint, which is the operative complaint in this case, asserts claims against the City, TABC Agent Grooms, and Sergeant Coward of the Knoxville Police Department for: (1) violations of their First Amendment rights under 42 U.S.C. § 1983 (Doc. 40 at 19–20, ¶¶ 102–112), (2) violations of their rights under the Equal Protection Clause (*id*. at 20, ¶¶ 113–118), (3) conspiracy to violate their civil rights under 42 U.S.C. § 1985 (*id.* at 21, ¶¶ 123–128) and (4) loss of property under state law (*id*. at 20–21, ¶¶ 119–121).

The majority of the first amended complaint focuses on events that occurred prior to May 23, 2022. For example, Plaintiffs allege the following: In November 2020, the City passed ordinances adopting Knox County Health Board regulations requiring restaurants and bars to close on-premises operations at 10 p.m. (*Id.* at 4, ¶¶ 23–37.) This COVID-19 curfew was allegedly unconstitutional. (*Id.* at 4–5, ¶¶ 47, 50, 55.) Lawhorn was a "vociferous opponent of Mayor Kincannon in the Knoxville media/press about the unlawful [curfew ordinance] being unconstitutional and in fighting for his constitutional rights and that of others [and] he refused to close his business at 10 P.M." (*Id.* at 9, ¶ 47.) Lawhorn was interviewed by WBIR Channel 10 News, where he "announced that he was thinking of running against Mayor Kincannon in the next election because he felt she was doing a bad job." (*Id.* ¶ 48.)

According to the complaint, "[u]pon information and belief, and as a result of Lawhorn exercising his first amendment rights, Mayor Kincannon retaliated and entered into a conspiracy with the other Defendants herein, as well as defendants/conspirators not yet known to shut down B&B." (*Id.* ¶ 49.) Further, "[u]pon information and belief, Mayor Kincannon told Sgt. Coward if Lawhorn did not comply with the unlawful curfew she would shut down B&B." (*Id.* ¶ 50.) The complaint alleges Sergeant Coward of the Knoxville Police Department issued eighteen citations to B&B for serving alcohol after the curfew period when other bars and restaurants were not being similarly punished. (*Id.* ¶¶ 45–46, 90.) As a result, the TABC and the Knoxville Beer Board revoked B&B's beer permit and liquor license. (*Id.* ¶¶ 57–89.)

While most of the alleged events occurred prior to May 23, 2022 (*see id*. at 3–16, ¶¶ 18–89), the first amended complaint also alleges facts concerning two events occurring after May 23, 2022: the execution of a search warrant at B&B in July 2022 and Lawhorn's arrest sometime after May 2023. According to the complaint, "[i]n July of 2022, a small paramilitary unit swarmed

6

down on B&B purporting to have a search warrant." (*Id.* at 16. ¶ 92.) "Upon information and belief," the search warrant was invalid, and the raid was undertaken by "the conspirators" to "take down the Plaintiff once and for all with the July 2022 raid, in part to silence him." (*Id.* at 16–17, ¶¶ 94, 100.) The TABC allegedly took several thousand dollars of liquor in the raid. (*Id.* at 16, ¶ 95.) In addition to this alleged raid, "[i]n May 2023, Mr. Lawhorn, threw his hat into the Knoxville Mayoral race as a candidate and in violation of Mr. Lawhorn's First Amendment Rights," [sic] the Defendants, in concert with other unknown co-conspirators, issued a warrant for his arrest silencing his campaign." (*Id.* at 18, ¶ 110.)

## II. STANDARD OF REVIEW

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of demonstrating no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The Court should view the evidence, including all reasonable inferences, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

To survive a motion for summary judgment, "the non-moving party must go beyond the pleadings and come forward with specific facts to demonstrate that there is a genuine issue for trial." *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). Indeed, a "[plaintiff] is not entitled to a trial on the basis of mere allegations." *Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *2–3 (E.D. Tenn. Nov. 4, 2009) (explaining the court must determine whether "the record contains sufficient facts and admissible evidence from which a rational jury

7

Case 3:23-cv-00181-CLC-DCP   Document 101   Filed 09/16/25   Page 7 of 20
PageID #: 775

could reasonably find in favor of [the] plaintiff"). In addition, should the non-moving party fail to provide evidence to support an essential element of its case, the movant can meet its burden of demonstrating no genuine issue of material fact exists by pointing out such failure to the court. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

At summary judgment, the Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). The Court may not make credibility determinations or weigh the evidence in addressing a motion for summary judgment. *Id.* at 255. If the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court should grant summary judgment. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

Rule 56(d) permits, but does not require, a district court to deny or defer consideration of a defendant's motion for summary judgment until after the parties have conducted more discovery. *First Floor Living LLC v. City of Cleveland, Ohio*, 83 F.4th 445, 453 (6th Cir. 2023), *cert. denied*, 145 S. Ct. 146 (2024). Denial of a Rule 56(d) request is not appropriate if additional discovery would have changed the claims' legal or factual deficiencies. *Id*. However, "[n]otwithstanding the strong presumption in favor of permitting discovery before ruling on a motion for summary judgment, a district court does not abuse its discretion by denying a Rule 56(d) motion that is supported by mere 'general and conclusory statements' or that fails to include 'any details or specificity.'" *Id*. (quoting *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022)).

### III. DISCUSSION

The Court's review of the City's motion for summary judgment is streamlined by Plaintiffs' concessions that a majority of the claims should be dismissed. (Doc. 76 at 2.) In their

response to summary judgment, Plaintiffs state "they do not oppose dismissal" of (1) "their claim for violation of plaintiffs' right to equal protection pursuant to 42 U.S.C. § 1985," (2) "their claim for violation of their equal protection rights based upon their claims that the City of Knoxville's Ordinances were unconstitutional," (3) "their claim for loss of personal property," and "their claims that the defendants violated their right to not be retaliated against for exercising their right to free speech [ ] regarding retaliatory acts of the defendants *which occurred prior to May 23, 2022*." (*Id.* (emphasis added).) Plaintiffs still assert, however, that Defendants "acted in concert, and therefore conspired [ ] to deprive plaintiffs of their right to not be retaliated against for the exercise of their right to free speech" after May 23, 2022. (*Id.* at 7–8.)

Based on the parties' agreement and the lack of opposition by Plaintiffs, the Court will **DISMISS** Counts II, III, and IV of the first amended complaint (Doc. 40), as well as any allegations of First Amendment violations that occurred prior to May 23, 2022. The Court thus turns to the remaining § 1983 cause of action for First Amendment retaliation that occurred after May 23, 2022.[2]

As basis for its motion for summary judgment, the City argues this action should be dismissed on procedural grounds. The City first argues that "this lawsuit should be dismissed based upon the application of the 'two dismissal rule' of Fed. Rule Civ. Pro. 41(a)(1)(B) and *res judicata*." (Doc. 64 at 1.) In the alternative, Defendant argues summary judgment is appropriate because the claim is barred by the one-year statute of limitations for civil rights actions filed in Tennessee. (Doc. 65 at 10.) In its reply, the City further argues summary judgment is proper

---

[2] As the Court has previously explained, Plaintiffs do not specifically reference First Amendment retaliation in the Count I section of their amended complaint. Nonetheless, the facts they incorporate by reference in Count I and their response to the motion for summary judgment suggest Plaintiffs intended to make this claim.

9

because Plaintiffs have presented no evidence of First Amendment retaliation. (Doc. 80 at 4.) The Court will address the City's arguments in turn.

### A. Rule 41(a)(1)(B) and *Res Judicata*

The City argues this lawsuit must be dismissed based on the "two-dismissal rule" and the principle of *res judicata* because Plaintiffs' second voluntary dismissal operates as an adjudication on the merits under Federal Rule of Civil Procedure 41(a)(1). (Doc. 65 at 7–10.) Plaintiffs respond by arguing Rule 41(a)(1)(B) and *res judicata* do not apply to the two remaining claims of retaliation because the two incidents "were not asserted in, nor adjudicated in, any previous lawsuit." (Doc. 76 at 3.) Plaintiffs are correct.

Rule 41(a)(1)(A) allows a plaintiff to voluntarily dismiss a lawsuit without prejudice. Yet, in cases where a plaintiff has already dismissed a case based on the same claim, the second dismissal is on the merits. Fed. R. Civ. Pro. 41(a)(1)(B). "Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id*. In other words, a voluntary dismissal under this rule has "the effect of a judgment with prejudice when it is the second suit based on the same transaction." *Evans v. Laborers' Dist. Council & Contractors' Pension Fund of Ohio*, 602 F. App'x 608, 614 (6th Cir. 2015) (citation omitted). "Rule 41(a)(1)(B) 'was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure.'" *Id*. (quoting *Demsey v. Demsey*, 488 Fed. App'x 1, 3 (6th Cir. 2012)).

Because the voluntary dismissal of the second case operates as adjudication on the merits, the City argues this lawsuit must be dismissed based on the principle of *res judicata*. (Doc. 65 at

10

9.) "Res judicata comes from the Latin meaning 'a thing adjudicated,' and it refers to situations in which an earlier judgment can bind a later proceeding on one or more issues." *Cont'l Cas. Co. v. Indian Head Indus., Inc.*, 941 F.3d 828, 835 (6th Cir. 2019) (citing *Black's Law Dictionary* (11th ed. 2019)). Tennessee law requires defendants to establish the following elements to assert the defense of *res judicata*:

> (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits."

*West v. Parker*, 783 F. App'x 506, 512 (6th Cir. 2019) (citing Tennessee caselaw). Tennessee courts deciding whether to apply r*es judicata* to a second suit apply a "transactional test," under which "[t]wo suits . . . shall be deemed the same 'cause of action' for purposes of res judicata where they arise out of the same transaction or a series of connected transactions." *Creech v. Addington*, 281 S.W.3d 363, 381 (Tenn. 2009).

Here, the two prior lawsuits arising from the COVID-19 curfew ordinance were filed and voluntarily dismissed before May 23, 2022. In the instant lawsuit, however, the first amended complaint alleges facts concerning two events that happened *after* May 23, 2022: the execution of a search warrant at B&B in July 2022 and Lawhorn's arrest sometime after May 2023. (Doc. 40 at 16, 18.) Although the City asserts that "it is beyond cavil that each of the[] elements [of *res judicata*] is present" (Doc. 65 at 9), the City did not address Plaintiffs' argument that their claims arising after May 23, 2022, are not barred.

The prior adjudications cannot form the basis for dismissing the claims occurring after May 23, 2022, under Rule 41(a)(1)(B) and the doctrine of *res judicata*. The claims alleged in the first amended complaint include new facts and conduct occurring after the prior lawsuit was dismissed. The new claims arise out of a different transaction and could not have been alleged and litigated

11

in the prior lawsuits. *See Creech*, 281 S.W.3d at 381. Thus, the claims arising after May 23, 2022, are not barred by *res judicata*. For the same reason, the City's statute-of-limitations defense is unavailing for these claims, because the two post-May 23, 2022, events occurred within one year of Plaintiffs filing the instant lawsuit. *See Reguli v. Russ*, 109 F.4th 874, 880 (6th Cir. 2024).

The Court will now consider the City's argument that summary judgment is still appropriate due to Plaintiffs' lack of evidence.

### B. 42 U.S.C. § 1983 – First Amendment Retaliation

In its reply, the City suggests summary judgment is proper because Plaintiffs have not produced any evidence to support their claims. (Doc. 80 at 4.)

"Section 1983 creates a cause of action against any person who, acting under color of state law, abridges 'rights, privileges, or immunities secured by the Constitution and laws.'" *Clayton v. Hogan*, No. 3:22-cv-936, 2023 WL 7930052, at *24 (M.D. Tenn. Nov. 16, 2023) (citing 42 U.S.C. § 1983). "Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001) (citation omitted). A plaintiff must "establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." *Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (citation omitted).

Plaintiffs allege facts that the City deprived them of their right to not be retaliated against for exercise of free speech under the First Amendment. According to the first amended complaint, "a small paramilitary unit swarmed down on B&B purporting to have a search warrant." (Doc. 40 ¶ 92.) Plaintiffs allege they requested a copy of the search warrant from TABC, but did not receive a complete copy. (*Id.* ¶ 93.) TABC removed liquor belonging to Plaintiffs. (*Id.* ¶ 95.) "Upon information and belief," the search warrant was invalid, and the raid was undertaken by "the

12

Case 3:23-cv-00181-CLC-DCP   Document 101   Filed 09/16/25   Page 12 of 20
PageID #: 780

conspirators" to "take down the Plaintiff once and for all with the July 2022 raid, in part to silence him." (*Id.* at 16, ¶¶ 94, 100.) Plaintiffs further allege Lawhorn entered the mayoral race as a candidate. (*Id*. at 18, ¶ 110.) They assert the City, in concert with other unknown coconspirators issued a warrant for Plaintiff Lawhorn's arrest, which "silenc[ed] his campaign." (*Id*.)

The First Amendment "protects against retaliation for 'protected conduct,'" including running for political office and political speech. *Heard v. Landfair*, No. 23-1277, 2024 WL 1252399, at *2 (6th Cir. Jan. 2, 2024); *Kubala v. Smith*, 984 F.3d 1132, 1139 (6th Cir. 2021) (citations omitted). To make out a cognizable claim of First Amendment retaliation, a plaintiff must show:

> (1) he engaged in constitutionally protected speech or conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by his protected conduct.

*Kubala*, 984 F.3d at 1139 (citations omitted). "[A]n act taken in retaliation for the exercise of a constitutionally protected right is actionable under § 1983 even if the act, when taken for a different reason, would have been proper." *Bloch v. Ribar*, 156 F.3d 673, 681–82 (6th Cir. 1998).

"[R]etaliation 'rarely can be supported with direct evidence of intent.'" *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Murphy v. Lane*, 833 F.2d 106, 108 (7th Cir. 1987)). The Court of Appeals for the Sixth Circuit has "not found that temporal proximity alone can establish retaliatory motive." *Sanders v. Genesee Cnty.*, No. 22-1596, 2023 WL 4543488, at *6 (6th Cir. July 14, 2023) (citation omitted). But "[t]he temporal proximity between the protected conduct and the adverse action can provide circumstantial evidence of retaliatory motive." *Id*. "Conclusory allegations of retaliatory motive with no concrete and relevant particulars fail to raise a genuine issue of fact for trial." *Murray v. Unknown Evert,* 84 F. App'x 553, 556 (6th Cir. 2003).

13

For a municipality to be liable for alleged constitutional violations brought under § 1983, a plaintiff must (1) identify a municipal policy or custom; and (2) connect that policy or custom to the municipality that led to the alleged violation of the plaintiffs' constitutional rights. *Jarvis v. Marcum*, 77 F. App'x 308, 1 (6th Cir. 2023) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) and *Gregory v. Shelby Cnty.*, 220 F.3d 433, 442 (6th Cir. 2000)). A plaintiff must demonstrate a policy or custom on the part of the municipality which caused the unconstitutional conduct. *Phillips v. Cassidy*, No. 1:22-cv-239, 2022 WL 4390635, at *2 (E.D. Tenn. Sept. 22, 2022). A plaintiff can make a showing of an illegal policy or custom for purposes of establishing municipal liability by demonstrating:

> (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013).

Here, Plaintiffs "do not object to any of the undisputed facts" set forth by the City, but they do argue that the City is not entitled to judgment as a matter of law based on the facts. (Doc. 76 at 1.) In their response to the motion for summary judgment, Plaintiffs suggest the City "took the independent retaliatory action of illegally raiding plaintiffs' business, seizing thousands of dollars of plaintiffs' private property" and "arresting plaintiff Lawhorn without probable cause after Lawhorn announced that he was running for the office of Knoxville Mayor against then and current Mayor Kincannon." (*Id.* at 3–4.) In reply, the City argues that beyond the complaint's allegations, Plaintiffs have "failed to produce even a scintilla of evidence to support their claims." (Doc. 80 at 4.)

Rather than citing to specific evidence to support these allegations, Plaintiffs cite generally to exhibits with dozens of pages. While the exhibits show evidence of the July 2022 "raid" of

14

B&B and the June 2023 arrest of Lawhorn, Plaintiffs do not provide evidence to show the connection between the City and the alleged violation of Plaintiffs' constitutional rights. Plaintiffs make conclusory allegations that the City's actions were in retaliation of their First Amendment rights. Such conclusory allegations, without more, are insufficient to prevail on summary judgment. *See Murray*, 84 F. App'x at 556. It must be noted, however, that Plaintiffs did not cite to record evidence to support their claims because the City's motion was based only on procedural arguments and Plaintiffs have been unable to conduct any discovery on the merits.

For this reason, Plaintiffs request "that any evidence required to fulfill their burden to show a genuine issue of fact in support of their remaining claims of retaliation be continued until after discovery is completed, pursuant to Federal Rule of Civil Procedure 56(d)." (Doc. 76 at 4.) Plaintiffs suggest that because the City's motion for summary judgment was filed before any discovery took place, they need to obtain written discovery and production of documents, including the applicable insurance policy, as well as depose witnesses such as the mayor of Knoxville. (Doc. 96 at 6–7.) In reply, the City contends, "without filing a supporting affidavit or declaration" Plaintiffs request the Court "delay ruling on a properly supported motion for summary judgment – without offering *any* opposing evidence – so that the plaintiffs can fish for evidence to support new claims alleged."[3] (Doc. 80 at 4.)

Rule 56(d) allows the district court to defer or deny a motion for summary judgment to allow the parties to take more discovery if the nonmovant shows it is essential. Fed. R. Civ. P. 56(d). The moving party "possesses no absolute right to additional time for discovery under Rule 56," *Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (citation omitted), and bears the

---

[3] On August 29, 2025, the Court denied Plaintiffs' motion to amend the complaint (Doc. 100), so Plaintiffs will be limited to discovery on the claims set forth in the operative complaint (Doc. 40).

burden of demonstrating the necessity of the requested discovery. *King v. Harwood*, 852 F.3d 568, 579 (6th Cir. 2017) (citations omitted). The rule is designed to give "litigants a chance to secure 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment." *Cline v. Dart Transit Co.*, 804 F. App'x 307, 312 (6th Cir. 2020) (quoting *Doe,* 928 F.3d at 490).

"The importance of complying with Rule 56[d] cannot be overemphasized." *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000). A party moving for relief pursuant to Rule 56(d) must satisfy both procedural and substantive requirements. Procedurally, the moving party must file an affidavit or declaration in support of its request. Fed. R. Civ. P. 56(d). The Sixth Circuit has observed that "filing an affidavit that complies with Rule 56(d) is essential, and that in the absence of such a motion or affidavit, 'this court will not normally address whether there was adequate time for discovery.'" *Unan v. Lyon*, 853 F.3d 279, 292–93 (6th Cir. 2017) (quoting *Plott v. Gen. Motors Corp.*, 71 F.3d 1190, 1196 (6th Cir. 1995)).

Substantively, the moving party must make the request with "some precision" and must state "the materials he hopes to obtain with further discovery[ ] and exactly how he expects those materials would help him in opposing summary judgment." *Summers v. Leis*, 368 F.3d 881, 887 (6th Cir. 2004) (internal quotation marks omitted); *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015) (quoting *Wallin v. Norman*, 317 F.3d 558, 564 (6th Cir. 2003) ("[I]f a party does not satisfy Rule 56(d)'s technical requirements, he must at least affirmatively demonstrate that the discovery sought would enable him to 'adequately oppose the motion for summary judgment.'")).

In reviewing a motion for further discovery, a district court should also consider whether, on balance, the nonmovant satisfies the five factors set forth by the Sixth Circuit in *Plott v. General*

16

*Motors Corp., Packard Elec. Division*, 71 F.3d 1190 (6th Cir. 1995). The five *Plott* factors to consider are:

> (1) when the [nonmovant] learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the [nonmovant] was dilatory in its discovery efforts; and (5) whether the [movant] was responsive to discovery requests.

*Plott*, 71 F.3d at 1196–97 (internal citations omitted).

Preliminarily, Plaintiffs have not filed an affidavit or declaration to comply with the technical requirements of Rule 56(d). In fact, rather than filing a separate Rule 56(d) motion requesting the need for more discovery to respond to the City's motion for summary judgment, Plaintiffs informed the Court of their need for discovery by raising the issue in their response to the City's motion for summary judgment. (Doc. 76 at 8–9.) Plaintiffs also informed the Court of their need for more discovery in their response in opposition to the stay of discovery. (Doc. 96 at 1, 7.) Plaintiffs specifically noted the need for the City to respond to written discovery, to provide the relevant insurance policy, and to set the deposition of the Mayor and other third parties. (*Id*. at 6–7.) Plaintiffs suggested this discovery would "demonstrate the profound factual, legal, economic, social, emotional, and fundamental rights bases for the constitutional infringements at issue," which requires an "intensely factual inquiry." (*Id*. at 4–5.) Although this assertion could be considered vague, Plaintiffs at least stated the materials they hope to obtain and explain how the materials may support the factual record to oppose summary judgment on the merits. *See Rohner*, 634 F. App'x at 504. Thus, the Court will consider the *Plott* factors.

On balance, the *Plott* factors weigh in Plaintiffs' favor. Under Rule 26(d)(1), the parties were unable to seek discovery until they conferred as required by Rule 26(f) on February 4, 2025. (*See* Docs. 91–92.) Following the parties' Rule 26(f) discovery planning meeting, on March 24,

17

Case 3:23-cv-00181-CLC-DCP   Document 101   Filed 09/16/25   Page 17 of 20
PageID #: 785

2025, the City filed an amended motion for protective order asking the Court to stay all discovery until the Court resolved Defendants' motions for summary judgment and Plaintiffs' motion to amend the complaint. (Doc. 93.) The City argued that "discovery sought by the plaintiffs is not necessary for resolution of the motions" because the motions for summary judgment can be "decided solely as a matter of law." (*Id*. at 5.) The City believed that, "except for initial disclosures, discovery should not begin until the Court rule[d] on the pending motion for protective order." (Doc. 91 at 3, ¶ 6.) Thus, the City refused to cooperate with Plaintiffs or respond to their discovery requests. (*See* Doc. 96-1 at 11–12.)

On May 12, 2025, Magistrate Judge Poplin granted the City's motion for protective order and stayed discovery pending the Court's ruling on the motions for summary judgment and the motion to amend the complaint. (Doc. 98.) Because the City "seeks summary judgment on the First Amendment retaliation claim on two grounds only that are unrelated to the merits of the claim"—*res judicata* and the statute of limitations—Judge Poplin determined staying discovery would have no effect on the outcome of the motion because the arguments were purely procedural. (*Id*. at 8 (quoting Doc. 64 at 1–2).) She also found the stay would "permit the parties, without prejudicing Plaintiffs, to avoid unnecessary expenses incurred in discovery directed at claims which will later be dismissed." (*Id*.)

Although the City's initial motion for summary judgment on the First Amendment retaliation claims was based on procedural grounds that did not require discovery, the City's reply brief suggests summary judgment is appropriate because Plaintiffs have not provided any evidence to support their claims.[4] (Doc. 80 at 4.) Thus, the City's reply raises factual deficiencies that

---

[4] The City failed to address Plaintiffs' argument that the claims arising from First Amendment retaliation that occurred after May 23, 2022, were not procedurally barred. Instead, the City alleges Plaintiffs "have attacked the City, its Mayor, its City Council, its Beer Board, a

cannot be fully addressed by Plaintiffs without access to some of the outstanding discovery. More discovery would give Plaintiffs a fair opportunity to respond and likely change the outcome of the motion for summary judgment for the remaining First Amendment claims. *See First Floor Living LLC,* 83 F.4th at 453.

Importantly, it cannot be said that Plaintiffs have been dilatory in pursuing access to this information. Even though discovery was technically active for forty-eight days before discovery was stayed, the City did not respond to any discovery requests pending its motion for protective order. Thus, the discovery period was constructively nonexistent and prevented Plaintiffs "a chance to secure 'a full opportunity to conduct discovery' to be able to successfully defeat a motion for summary judgment" on the merits. *See Cline*, 804 F. App'x at 312 (internal citations omitted). Further, it would be unfair to deny Plaintiffs' request on the basis that they should have previously sought discovery when the stay of discovery prevented them to do so. *See Charter Oak Fire Ins. Co. v. Caterpillar Inc.*, No. 2:24-CV-4176, 2025 WL 1068821, at *2 (S.D. Ohio Apr. 9, 2025) (quoting *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004) (finding the denial of a Rule 56(d) motion without an adequate opportunity for discovery would likely constitute an abuse of discretion)).

The Court must allow Plaintiffs a full opportunity to conduct discovery on the merits of the First Amendment retaliation claims that occurred after May 23, 2022. *See Cline*, 804 F. App'x at 316. Pursuant to Rule 56(d)(1) of the Federal Rules of Civil Procedure, "the proper and most efficient remedy" is to deny the City's motion for summary judgment as to the remaining First Amendment retaliation claims with leave to refile at an appropriate time. *A.H. v. Shock Dr., Inc.*,

---

city attorney, and a police sergeant" over the past four years. (Doc. 80 at 4.) The City argues summary judgment is appropriate because Plaintiffs "have failed to produce even a scintilla of evidence to support their claims." (*Id.*)

19

No. 3:23-CV-297, 2024 WL 5505190, at *2 (E.D. Tenn. Oct. 17, 2024) (quoting *Federal Practice and Procedure Civ.* § 2740 (4th ed. 2024) ("[T]he usual practice is to deny summary judgment without prejudice to the right to reapply at a later date.")). Therefore, the Court will **DENY** the motion for summary judgment as to the § 1983 claims of First Amendment retaliation that occurred after May 23, 2022, **WITHOUT PREJUDICE** to refiling once discovery is complete.

IV. **CONCLUSION**

The Court will **GRANT IN PART** and **DENY IN PART** the City's motion for summary judgment (Doc. 64). The Court will **GRANT IN PART** the City's motion as to Counts II, III, and IV of the first amended complaint (Doc. 40), as well as any allegations of First Amendment violations that occurred prior to May 23, 2022. These claims will be **DISMISSED WITH PREJUDICE**.

The Court will **DENY IN PART** the City's motion as to the § 1983 claims of First Amendment retaliation that occurred after May 23, 2022. Pursuant to Rule 56(d) of the Federal Rules of Civil Procedure, the Court will allow the parties to conduct discovery on the substance of these claims. The City's motion for summary judgment as to these claims will be **DENIED WITHOUT PREJUDICE** to refiling once discovery is complete. The Court will schedule a case management conference to set new deadlines in accordance with Rule 16(b) of the Federal Rules of Civil Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

/s/ _____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**