UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS AND BREWS, LLC, and RICHARD LAWHORN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:23-CV-181-CLC-DCP |
| | ) | |
| CITY OF KNOXVILLE, TENNESSEE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion for Relief from the Scheduling Order to Extend the Discovery Deadlines as the Court Deems Necessary ("Motion to Extend") [Doc. 137]. Defendant responded in opposition to the motion [Doc. 138], and Plaintiffs filed a reply [Doc. 141]. With the Court's permission [*see* Doc. 144], Defendant filed a sur-reply [Doc. 145]. The matter is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). Later, on June 9, 2026, Plaintiffs filed the Motion to Strike Surreply and Opposition to Motion to Strike Reply ("Motion to Strike") [Doc. 148]. Defendant filed a response in opposition [Doc. 149]. The Court elects to adjudicate this motion prior to the reply time in light of the deadlines in this case and further information about this matter is not necessary. *See generally* E.D. Tenn. L.R. 7.2.

For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Extend [**Doc. 137**] and **DENIES** the Motion to Strike [**Doc. 148**].

1

## I.    BACKGROUND

Plaintiffs commenced this action on May 23, 2023 [Doc. 1]. Following adjudication of the of several motions to dismiss, on January 7, 2025, United States District Judge Curtis L. Collier entered a Scheduling Order [Doc. 82]. He set the discovery deadline for June 13, 2025 [*Id.* at 2]. Later, however, Defendants asked that the Court stay discovery pending adjudication of its motion for summary judgment and Plaintiffs' request to amend [Doc. 93]. On May 12, 2025, Judge Collier granted that request and discovery was stayed [Doc. 98].

On September 16, 2025, Judge Collier entered the Memorandum allowing Plaintiffs' § 1983 claims of First Amendment retaliation that occurred after May 23, 2022, to proceed [Doc. 101]. A few months later, he entered an Amended Scheduling Order [Doc. 105]. He set the discovery deadline for May 29, 2026, and the dispositive motion deadline for June 30, 2026 [*Id.* at 2].

On May 22, 2026, Plaintiffs filed their Motion to Extend [Doc. 137]. They request that the Court extend the discovery deadline by sixty days, "while modifying all other deadlines accordingly such as dispositive motions deadlines, etc." [*Id.* at 1]. Later, they ask that the Court extend the discovery deadline "while leaving all other deadlines undisturbed unless the Court determines conforming adjustments are necessary" [*Id.* at 5–6]. They state that the undersigned recently allowed the deposition of Mayor Kincannon and that they also need to schedule the depositions of "Alyson Dyer, Officer Taylor, and Eve Thomas to name a few" [*Id.* at 1]. Later, they state that they seek additional time to "complete two identified depositions—Mayor Kincannon . . . and Alyson Dyer . . . and to complete only such narrowly tailored follow-up discovery as may reasonably be warranted by the testimony obtained" [*Id.* at 4]. Plaintiffs state that good cause exists for their request, but to the extent "the operative discovery deadline has

2

already expired," they submit that they have shown excusable neglect [*Id.* at 3]. They assert that they have a pending Rule 60 motion as to Steven Grooms, a former defendant, but they only mention it "to alert the Court that a further targeted adjustment may be necessary if the claims are reinstated" [*Id.*].[1]

Defendant responds in opposition to the motion [Doc. 138]. It does not oppose a 30-day extension to depose Mayor Kincannon [*Id.* at 1 n.1]. It outlines the procedural history of this case and generally argues that Plaintiffs have failed to show good cause for an extension for the three other deponents [*Id.* at 3–6]. In addition, it contends that it will be prejudiced by a 60-day extension [*Id.* at 6–7]. In support of its position, Defendant relies on the Declaration of Michael Kelley, its counsel [Doc. 139].

Plaintiffs reply that they have shown good cause for an extension [Doc. 141 pp. 2–3]. They claim that Defendant has made rolling and incomplete productions that prevented them from completing discovery by the deadline [*Id.* at 3–4]. They accuse Defendant of omitting key facts about the depositions [*Id.* at 4]. In addition, Plaintiffs state that the balance of prejudice weighs in favor of an extension [*Id.*]. In support of their arguments, they rely on the Declaration of Russ Egli, their counsel [Doc. 141-1].

Defendant filed a sur-reply, noting that Plaintiffs mischaracterize cases and arguing that the Court should strike the reply and deny the motion [Doc. 145 p. 2]. In addition, Defendant submits that Attorney Elgi's declaration cannot be considered [*Id.* at 2–3]. It further claims that "[P]laintiffs' assertions about discovery deficiencies are simply untrue" [*Id.* at 3]. But even if they

---

[1] Defendants respond that the Rule 60 motion pertains to John Coward [Doc. 138 p. 7]. But regardless, it argues the Rule 60 motion is not relevant to Plaintiffs' request for an extension [*Id.*]. The Court need not address this issue as Plaintiffs state in their motion that they are only alerting the Court to the pending motion [*See* Doc. 137 p. 4].

were true, Defendant asserts that they fail to explain "why they waited until a few days before the discovery deadline to seek relief from the Court or why they bypassed the vehicle provided by the Federal Rule of Civil Procedure for such circumstances" [*Id.*].

On June 9, 2026, Plaintiffs filed the Motion to Strike [Doc. 148 p. 1]. Plaintiffs state that while Defendant claims they used a fake quote, this is not accurate [*Id.* at 3]. They assert that "Defendant[] launch[es] a gratuitous and inflammatory attack on Plaintiffs' counsel by discussing an entirely unrelated case" [*Id.* (citation omitted)]. Plaintiffs argue their "summary of the law was accurate" [*Id.* at 4]. Finally, Plaintiffs claim that Defendant's attack on Attorney Egli's declaration is meritless [*Id.*]. They request that the Court strike the Surreply in its entirety, or strike the improper legal arguments, and award attorney's fees [*Id.*].

## II.      ANALYSIS

Before addressing the merits, the Court must address a few preliminary matters. First, Defendant agrees to an extension to depose Mayor Kincannon in light of the Court's recent Order allowing it to proceed [Doc. 136]. The Court will therefore extend the discovery deadline for that deposition.

Second, Defendant states that the Court cannot rely on Attorney Egli's declaration because it "is undated and unsigned, as required by 28 U.S.C. § 1746" [Doc. 145 p. 2]. This statute provides that declarations must be sworn and dated. 28 U.S.C. § 1746; *see also Blount v. Stanley Eng'g Fastening*, 55 F.4th 504, 515 (6th Cir. 2022) ("The first affidavit was not a proper declaration under 28 U.S.C. § 1746 because it was unsworn and filed with [the plaintiff's] electronic signature rather than his personal signature." (citation omitted)). Plaintiffs respond that Attorney Egli filed it using CM/ECF and that "[u]nder this Court's CM/ECF rules and federal practice, an attorney's electronic filing credentials serve as their signature on all documents filed with the Court" [Doc.

4

148 p. 4 (citation omitted)]. In addition, he states that CM/ECF adds the filing date [*Id.*]. The Court need not decide this issue because even if the Court considered Attorney Egli's declaration, the Court finds Plaintiffs have not shown good cause to extend the discovery deadline for taking the remaining depositions.

Plaintiffs filed their motion on May 22, 2026, and the discovery deadline was May 29, 2026. Given that they filed the motion before the deadline, Rule 6(b)(1)(A) and Rule 16 of the Federal Rules of Civil Procedure govern. Rule 6(b) provides, "When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires[.]" Fed. R. Civ. P. 6(b)(1)(A). Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause is measured by the moving party's due diligence in attempting to meet the deadline. *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citation omitted). The Sixth Circuit has identified several relevant factors to consider:

> (1) When the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . discovery requests.

*Wiseman v. Lipinski*, No. 3:10-0250, 2011 WL 3236103, at *3 (M.D. Tenn. July 28, 2011) (quoting *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011)). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Bentkowski*, 637 F.3d at 696 (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th

Cir. 2010)).[2] "[C]ourts may also consider prejudice to the nonmoving party." *Smith v. Holston Med. Grp., P.C.*, 595 F. App'x 474, 478 (6th Cir. 2014) (citation omitted). The party seeking an extension has the burden to establish good cause. *Ward v. J.C. Penney Co., Inc.*, No. 14-2301, 2015 WL 13650207, at *3 n.4 (W.D. Tenn. Apr. 15, 2015).

Plaintiffs do not explicitly address the above factors. But regardless, the Court notes that Plaintiffs have had significant time to complete discovery, even when considering discovery was stayed for a period of time. Plaintiffs do not explain when they learned that they needed to take these depositions, nor do they explain how these depositions would affect the case. But regardless, starting with the deposition of Alyson Dyer ("Ms. Dyer"), Plaintiffs argue that "[t]he deposition was coordinated between the parties, a court reporter was retained, and the deposition was set to begin at an agreed time in the afternoon" [Doc. 141 p. 2]. Attorney Kelley acknowledges that the parties agreed to depose Ms. Dyer on April 9, 2026 [Doc. 146 ¶ 9]. But he states that "[Plaintiffs'] counsel never provided written notice giving the date and time" [*Id.*]. On April 9, therefore, Attorney Kelley and Ms. Dyer appeared "at 9:00 a.m., the normal time for beginning a deposition" [*Id.*]. When no one was there, Attorney Kelley "ha[d] [his] office e-mail counsel to determine the

---

[2]    Plaintiffs state that "[c]ourts in the Sixth Circuit consider whether the moving party's conduct actually caused the missed deadlines and whether the requested extension is proportional to what is needed to complete discovery" [Doc. 141 p. 4 (citing *Bentkowski*, 637 F.3d at 696)]. Plaintiffs also state, "A party's failure to provide complete and timely discovery can constitute good cause to extend discovery deadlines, particularly where the missing information bears directly on core issues and witnesses" [*Id.* at 3 (citing *Zaremba v. Fed. Ins. Co.* (*In re Con't Capital Inv. Servs.*), 2011 Bankr. LEXIS 3853, at *12–13 (Bankr. N.D. Ohio Sept. 30, 2011))].

Defendant seeks to strike Plaintiffs' reply stating that they misquote the cases [*see* Doc. 145], Plaintiffs seek to strike Defendant's sur-reply stating that it is prejudicial and procedurally improper [*see* Doc. 148], and Defendant claims Plaintiffs' request is procedurally improper [*see* Doc. 149]. The Court declines to strike any briefs. The Court notes, however, that Attorney Egli's citations, particularly the *Zaremba* cite, does not support the proposition he argues. Future citations that misrepresent authority will result in sanctions.

6

reason he and a court reporter were not present" [*Id.*]. He then learned that "[P]laintiffs' counsel had planned on starting the deposition in the afternoon" [*Id.*]. Attorney Kelley submits that Ms. Dyer was not available in the afternoon, so "the deposition had to be rescheduled" [*Id.*].

Following that misunderstanding, later that afternoon, Attorney Kelley provided the following dates for Ms. Dyer's deposition: April 13, 15, 16, 17 [Doc. 139 p. 24]. Attorney Kelley followed upon May 20, 2026, offering more dates in May [*Id.* at 4]. According to Attorney Kelley, "None of these dates were accepted nor was [he] give[n] any reason why one of these dates could not be used for the deposition" [*Id.* ¶ 6]. Under these circumstances, the Court finds that Plaintiffs have not met their burden for granting an extension to depose Ms. Dyer.

Turning to the deposition of Police Chief Eve Thomas ("Chief Thomas"), Plaintiffs submit that this deposition was "properly arranged and did not proceed due to the City of Knoxville unilaterally changing the scheduled deposition" [Doc. 141 p. 4]. Defendant acknowledges that Plaintiffs set this deposition via subpoena [Doc. 146 ¶ 8]. Attorney Kelley explains that after he received the subpoena, he spoke to Chief Thomas who said "she had a prior commitment in Nashville that day" [*Id.* ¶ 8]. Attorney Kelley asked for alternative dates, and Chief Thomas provided April 15, 16, 17, 20, 21, 23, and 24 [*Id.*]. Attorney Kelley provided those dates to Plaintiffs' counsel [*Id.*; *see also id.* at 18]. According to Attorney Kelley, "None of those dates were selected by counsel nor was [he] given a reason why [Attorney Egli] could not depose Chief Thomas on one of these dates" [*Id.* ¶ 8]. Under these circumstances, the Court finds that Plaintiffs have not met their burden for granting an extension to depose Chief Thomas.

Finally, as to Scott Taylor ("Officer Taylor"), Attorney Kelley states:

> On several occasions over the last eight (8) months, Russ Egli and Wendy Egli have sent e-mails to be demanding dates to take the deposition of Knoxville Police Officer Scott Taylor and asking for available dates. On each occasion, I have provided multiple dates.

7

> In all, I provided nine (9) dates when Officer Taylor and I were available: March 5, 9, 13, 18; April 21, 24, 30; May 4, 8. None of these dates were accepted.

[Doc. 139 ¶ 3]. Plaintiffs do not address Officer Taylor's deposition in their reply. Under these circumstances, the Court finds that Plaintiffs have not met their burden for granting an extension to depose Officer Taylor.

Plaintiffs claim, in their reply brief, that another reason for the extension is because Defendant has provided rolling and incomplete document production [Doc. 141 p. 3–4]. Defendant contests this argument [*See* Doc. 145 p. 3]. But regardless, Plaintiffs fail to explain why they are just now raising this issue after the discovery deadline. They also do not explain why they need additional documents prior to the depositions. Indeed, they intended to depose Ms. Dyer and Chief Thomas without them.

The Court therefore finds that Plaintiffs have not shown an extension is warranted to depose Ms. Dyer, Chief Thomas, or Officer Taylor. Because Plaintiffs have not met their burden in showing good cause, the Court need not address prejudice. *See Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 522 (6th Cir. 2017) (explaining that if the movant fails to establish good cause, the court need not consider whether amending the deadlines would prejudice the non-moving party). Even if the Court considered prejudice, it weighs against the extension. Plaintiffs commenced this action approximately three years ago [*See* Doc. 1]. The dispositive motion deadline is June 30, 2026 [Doc. 105 p. 2]. Granting Plaintiffs an extension will "result in additional time and expense incurred by Defendant[] . . .—factors that create prejudice." *Snowden v. Schneider Elec. USA, Inc.*, No. 5:19-CV-192, 2019 WL 13301635, at *2 (E.D. Ky. Dec. 3, 2019) (quoting *Adams v. Nature's Expressions Landscaping Inc.*, No. 5:16-CV-00098-JMH, 2018 WL 2452179, at *3 (E.D. Ky. May 31, 2018). In addition, a sixty-day extension of the discovery

deadline will jeopardize the remaining deadlines in this case. *Id.* (finding prejudice to extend the discovery deadline because it "require[d] the Court to push back the dispositive motion deadline, which could result in changes to other deadlines and proceedings").

## III.    CONCLUSION

For the reasons explained above, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Extend [**Doc. 137**]. The Court extends the discovery deadline for the sole purpose of taking Mayor Kincannon's deposition. The parties **SHALL** proceed with that deposition on June 15 or June 25, 2026, whichever date they are available [*See* Doc. 139 p. 4].[3] The Court **DENIES** Plaintiffs' Motion to Strike [**Doc. 148**].

**IT IS SO ORDERED.**

ENTER:

_____
Debra C. Poplin
United States Magistrate Judge

---

[3]    To the extent there is a conflict with that date, the parties shall meet and confer and alert Chambers about the conflict.

9