UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS AND BREWS, LLC, *et al.*, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| | ) | Case No. 3:23-CV-181 |
| v. | ) | |
| | ) | Judge Curtis L. Collier |
| CITY OF KNOXVILLE, TENNESSEE, and SERGEANT JOHN COWARD, | ) | |
| | ) | |
| | ) | |
| *Defendants.* | ) | |

**M E M O R A N D U M**

Before the Court is a motion by Billiards & Brews, LLC and Richard A. Lawhorn (collectively, "Plaintiffs"), to set aside the Court's May 7, 2025, Order of Dismissal (Doc. 97) against Defendant Sergeant John Coward based on the statute of limitations. (Doc. 106.) Defendants responded (Doc. 108) and Plaintiffs replied (Doc. 110).

Plaintiffs subsequently filed a motion for leave to supplement their motion for relief from judgment (Doc. 147) and Defendants responded (Doc. 152). The Court will **GRANT** Plaintiffs' leave and accept the supplemental brief (Doc. 147).

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiffs filed a complaint against Defendants on May 23, 2023 (Doc. 1), and an amended complaint on November 15, 2023 (Doc. 40). Plaintiffs brought civil rights claims under 42 U.S.C. § 1983 for first amendment retaliation. (*Id.* ¶¶ 102–12.)

Plaintiffs assert that Defendants engaged in retaliation against Plaintiffs' restaurant business, Billiards and Brews, LLC ("B&B"). (*Id.* ¶ 49.) Specifically, that "as a result of [Plaintiff] Lawhorn exercising his first amendment rights, [Defendants] retaliated and entered into a conspiracy . . . to shut down B&B." (Doc. 40 ¶ 49.) The complaint states that "[i]n July of

2022, a small paramilitary unit swarmed down on B&B purporting to have a search warrant." (*Id.* ¶ 92.) "Upon information and belief," the search warrant was invalid, and the raid was undertaken by "the conspirators" to "take down the Plaintiff once and for all with the July 2022 raid, in part to silence him." (*Id.* ¶¶ 94, 100.)

There have been multiple summary judgment motions in this case. On December 5, 2024, Defendant Coward filed a motion for summary judgment (Doc. 61) asserting Plaintiffs' First Amendment retaliation claim was barred by the applicable one-year statute of limitations for civil-rights actions filed in Tennessee. (Doc. 62 at 1.) Defendant Coward contended that Plaintiffs' retaliation claim accrued no later than January 28, 2021, and noted that this action was filed on May 23, 2023, more than one year after the retaliation claim accrued. (*Id.*) In response, on December 26, 2024, Plaintiffs stated they did not oppose Defendant Coward's motion for summary judgment. (Doc. 75 at 1.) On May 7, 2025, the Court granted the motion. (Doc. 97.)

Previously, on December 27, 2024, Plaintiffs filed a response in opposition to the City of Knoxville's motion for summary judgment. (Doc. 76). Attached to this motion was an investigative report prepared by City of Knoxville Officer Scott Taylor ("Taylor"). (*Id.* at 13.) The report does not reference Defendant Coward and attests that "[c]opies of the citations, photographs, body camera footage and any other relevant material is contained in the case file." (*Id.*)

After Defendant Coward's dismissal, Plaintiffs came into possession of body camera footage taken by Officer Taylor during an allegedly warrantless search of the premises. (Doc. 106 at 3.) Plaintiff Lawhorn was also involved in a related criminal case and represented by separate counsel. (*Id.*) Plaintiffs' counsel in this case received the footage from Plaintiff Lawhorn's criminal counsel, rather than through the standard civil discovery process. (*Id.*) Plaintiffs allege

that "[t]he disclosure submitted by the Defendants was devoid of any mention of audio or video footage." (*Id.*)

It is uncontested that the body camera footage depicts Officer Taylor calling his supervisor, Defendant Coward. (Doc. 106 at 3; Doc. 108 at 5.) Specifically, that Officer Taylor called Defendant Coward with the stated purpose to "[k]eep him in the loop." (*Id.*)

Plaintiffs argue that the video "depicts Defendant Coward engaging in actionable conduct within the applicable one-year statute of limitations." (Doc. 106 at 2.) Thus, "[t]he dismissal of Sergeant Coward was the result of a factual error created by the Defendants' failure to disclose critical evidence." (Doc. 106 at 7.)

Plaintiffs supplemented their brief to also rely on a privilege log and emails served by Defendant in this case after this motion had been fully briefed. (*See* Doc 147 at 2.) Plaintiffs allege these documents "further demonstrate that Defendants possessed responsive communications and evidence concerning the July 2022 operation and Sgt. Coward's involvement." (*Id.* at 3.)

## II. <u>STANDARD OF REVIEW</u>

In Tennessee, the statute of limitations for Plaintiffs' claims is one year. Tenn. Code Ann. § 28-3-104(a)(1).

Plaintiffs now seek relief from the Court's May 7, 2025 order dismissing Defendant Coward. (Doc. 97.) Federal Rule of Civil Procedure 60(b) allows a party to seek relief from a final judgment, order, or proceeding. It may do so for six enumerated reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Trial courts maintain broad discretion when evaluating such motions, "guided by the constraints imposed by a 'public policy favoring finality of judgments and termination of litigation.'" *Franklin v. Jenkins*, 839 F.3d 465, 472 (6th Cir. 2016) (quoting *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)).

"[T]he party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info–Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008). A motion under Rule 60(b)(2) or (3) must also be filed within a "reasonable time" and no later than one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1).

## III. DISCUSSION

Plaintiffs move to set aside the Order (Doc. 97) dismissing Defendant Coward under Rule 60(b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

### A. 60(b)(2)

Rule 60(b)(2) provides for relief in cases of newly discovered evidence. To obtain relief under Rule 60(b)(2), the Court of Appeals for the Sixth Circuit requires the moving party to show, by clear and convincing evidence, that (1) it exercised due diligence in obtaining the information and (2) the evidence is material and controlling. *Luna v. Bell*, 887 F.3d 290, 294 (6th Cir. 2018). Plaintiffs fail to satisfy either requirement.

### 1. **Due Diligence**

Relief from a judgment may be granted for "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Fed. R. Civ. Pro. 60(b)(2). To constitute 'newly discovered evidence,' the evidence must have been previously unavailable. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

Plaintiffs did not prove by clear and convincing evidence that they exercised sufficient diligence in obtaining the body-camera footage. Plaintiffs argue that they could not have discovered the video earlier because Defendants failed to produce it during discovery. (Doc. 106 at 7.) Plaintiffs possessed Officer Taylor's incident report by at least December 27, 2024, when they filed it as an exhibit to their own response. (Doc. 76.) Defendants filed their response consenting to summary judgment and dismissal the day before they filed Officer Taylor's report as an exhibit. (Docs. 75, 76.) The incident report states, "I was wearing a body camera that recorded the entire operation," and notes that copies of the "body camera footage and any other relevant material is contained in the case file." (Doc. 76 at 13.)

Even assuming Defendants were required to affirmatively produce the video pursuant to Plaintiffs' broad discovery requests and subsequent deficiency letters, the production of this incident report placed Plaintiffs on notice of the video's existence. But Plaintiffs took no steps to obtain the footage, inquire into its absence, file a public records request, file a discovery motion, or alert the Court to its necessity before affirmatively consenting to Defendant Coward's dismissal. That Defendants produced the video as a matter of course in a related criminal case undercuts Plaintiff's argument that Defendants intentionally withheld it or that it was previously unavailable, had diligent steps been taken.

### 2. **Materiality**

The Court of Appeals has held that evidence is material only if it would have clearly resulted in a different outcome had it been presented before the original judgment. *Luna*, 887 F.3d at 294. Materiality requires substantive weight directly related to the core legal dispute; the newly discovered evidence cannot be "merely impeaching or cumulative." *Good v. Ohio Edison Co.*, 149 F.3d 413, 423 (6th Cir. 1998).

"[U]nder § 1983, 'it is not enough for a plaintiff merely to show a defendant was in charge of other state actors who actually committed the violation. Instead, ... the plaintiff must establish a deliberate, intentional act by the supervisor to violate constitutional rights.'" *Serna v. Colorado Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (quoting *Jenkins v. Wood*, 81 F.3d 988, 994–95 (10th Cir. 1996)) (internal quotes removed); s*ee also Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding that supervisory liability requires active unconstitutional behavior and cannot be based on a mere failure to act or awareness of a subordinate's actions.); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, [the plaintiff] has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983."); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) ("There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.")

Plaintiffs contend the video proves Sergeant Coward was "actively participating in and directing enforcement actions" on July 19, 2022, bringing his conduct within the statute of limitations. (Doc. 106 at 3.) Plaintiffs assert that the video "crucially" includes Officer Taylor calling Officer Coward to "keep him in the loop." (Doc. 106 at 3.)

But merely being kept appraised of a subordinate's independent actions does not entail active participation in those actions. Nor is there proof that Defendant Cowart was affirmatively directing enforcement actions.

Furthermore, the supplemental materials submitted by Plaintiffs (Doc. 147), including internal emails forwarding Officer Taylor's report to Sergeant Coward and the City Attorney (Doc. 147-1), and privilege log entries noting communications about the incident (Doc. 147-2), only corroborate standard police reporting and legal consultation procedures following an enforcement event. Neither the video nor the supplemental emails provide substantive proof that Defendant Coward personally directed or participated in retaliatory actions against Plaintiffs.

Plaintiffs have not brought forth any additional evidence or claims of Officer Coward's involvement. Plaintiffs failed to satisfy the high burden of demonstrating, by clear and convincing evidence, that the new evidence would have been dispositive. *See Luna*, 887 F.3d at 294. Consequently, the evidence is not "material" such that relief under 60(b)(2) is appropriate.

**B. <u>60(b)(3)</u>**

Federal Rule of Civil Procedure 60(b)(3) provides for relief in cases of "fraud, … misrepresentation, or misconduct by an opposing party." To obtain relief, the moving party must produce clear and convincing evidence to prove (1) the opposing party deliberately engaged in an act of fraud, misrepresentation, or misconduct, and (2) this action adversely affected the fairness of the proceedings. *Thurmond v. Wayne Cnty. Sheriff Dep't*, 564 F. App'x 823, 827 (6th Cir. 2014) (citing *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008)).

Withholding discoverable material requested during litigation may qualify as actionable fraud under Rule 60(b). *Info-Hold*, 538 F.3d at 456. Failing to produce responsive documents or witness statements constitutes misconduct, since parties are entitled to rely upon the completeness

of an opponent's discovery responses. *See Abrahamsen v. Trans-State Express, Inc.*, 92 F.3d 425, 428 (6th Cir. 1996). But "Rule 60(b)(3) clearly requires the moving party to 'show that the adverse party committed a deliberate act that adversely impacted the fairness of the relevant legal proceeding [in] question.'" *Info-Hold*, 538 F.3d at 455 (quoting *Jordan v. Paccar, Inc.,* No. 95–3478, 1996 WL 528950, at *6 (6th Cir. Sept. 17, 1996)).

The prejudice inquiry under subsection (b)(3) diverges from the strict outcome-determinative test found in Rule 60(b)(2). Under (b)(3), the moving party does not need to prove the withheld evidence would have guaranteed a different final judgment. *Info-Hold*, 538 F.3d at 455. To establish prejudice, the misconduct must have effectively prevented the moving party from fully and fairly presenting its case. *Id*.

Plaintiffs allege Defendants committed actionable misconduct by withholding the body-camera video and related emails during the discovery process. (Doc. 106 at 6–7; Doc. 147 at 4.) Even if the Court assumes, without deciding, that the failure to produce the video and the related internal communications constituted misconduct, Plaintiffs have failed to demonstrate the requisite prejudice. The body-camera footage and the internal communications detailed in the supplemental filings do not contain material evidence of First Amendment retaliation directed by Defendant Coward. All they could show was that he was "kept in the loop." Because the withheld evidence does not provide substantive support to Plaintiff's arguments, its absence from the record did not prejudice Plaintiffs' ability to fairly present their case or the fairness of the proceedings.

## IV. <u>CONCLUSION</u>

Accordingly, Plaintiffs' motion (Doc. 106) is **DENIED**.

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/**
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**