UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS AND BREWS, LLC, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CITY OF KNOXVILLE, TENNESSEE, and SERGEANT JOHN COWARD,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 3:23-CV-181<br><br>Judge Curtis L. Collier |

**MEMORANDUM & ORDER**

Before the Court is a motion by Billiards & Brews, LLC and Richard A. Lawhorn (collectively, "Plaintiffs") for sanctions pursuant to Federal Rules of Civil Procedure 37(c)(1) and 26(g)(3). (Doc. 107.) This motion was filed concurrently with, and relies on the same conduct as, Plaintiffs' motion for relief from judgment under Rule 60(b). (Doc. 106.) Defendants responded in opposition (Doc. 111) and Plaintiffs replied. (Doc. 112.) The Court incorporates by reference the background and procedural history section of the Memorandum addressing Plaintiff's motion for relief from judgment (Doc 106).

Plaintiffs move under Federal Rules of Civil Procedure 26 and 37 for sanctions against Defendants for alleged discovery abuses. Under Federal Rule of Civil Procedure 34(a)(1)(A), a party must disclose relevant documents within its "possession, custody, or control." Here, Plaintiffs alleges that Defendants failed to produce body camera footage responsive to Plaintiffs' discovery request. (Doc. 107 at 1.)

Local Rule 37.2 requires that:

> Any discovery motion filed pursuant to Rules 26 through 37 of the Federal Rules of Civil Procedure shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection

which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.

E.D. Tenn. L.R. 37.2. Plaintiffs failed to abide by the requirements of this rule. Plaintiffs concede this fact. (*See generally* Doc. 112.) Instead, they argue that the procedural deficiency should be excused. (*Id*. at 2.) Plaintiffs assert that Defendants' failure to disclose was a "significant discovery violation that undermines the integrity of the judicial process" and strict enforcement of the Local Rule "would unjustly shield Defendants from accountability for their misconduct." (*Id*.)

Plaintiffs argue their motions have sufficiently identified the discovery violation and its alleged effect, "providing the Court with a clear basis to evaluate the merits of the sanctions request." (*Id*.) But the exact language of the discovery requests at issue has not been provided to the Court. The parties dispute whether the video footage at issue properly fell into its ambit, and whether Defendants were on notice that such content was requested. (*See generally*, Doc. 108.) Thus, enforcement of Rule 37.2 is appropriate. Further, as outlined in the accompanying Memorandum on Plaintiff's Rule 60(b) motion, the Court does not find Defendant engaged in deliberate, significant, or prejudicial discovery violations.

Lastly, this is not the first time Plaintiffs failed to follow appropriate rules when filing motions for sanctions. On January 15, 2025, Magistrate Judge Poplin denied Plaintiffs' motion for sanctions in part due to deficiencies in complying with requirements set out in Federal Rule of Civil Procedure 37. (Doc. 88.) While Plaintiffs claim they "acknowledge the importance of Local Rule 37.2," they have not demonstrated that understanding in their filings. (Doc. 112 at 5.)

Accordingly, Plaintiffs' motion for sanctions (Doc. 107) is **DENIED**.

**SO ORDERED.**

**ENTER:**

**/s/**

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**