UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS AND BREWS, LLC, and RICHARD LAWHORN, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 3:23-CV-181-CLC-DCP |
| CITY OF KNOXVILLE, TENNESSEE, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Compel Discovery Responses and to Require a Compliant Privilege Log [Doc. 143]. Defendant responded in opposition to the motion [Doc. 151], and Plaintiffs filed a reply [Doc. 154]. The motion is ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **DENIES** the motion [**Doc. 143**].

## I. BACKGROUND

According to Plaintiffs, on November 4, 2025, Defendant served its responses to their First Set of Requests for Production ("RFP") [Doc. 143 p. 2; *see also* Doc. 143-1]. Plaintiffs represent that they sent Defendant "a detailed deficiency letter to defense counsel identifying, among other issues, boilerplate objections, failures to produce responsive documents . . . the categorical temporal limitation, and the absence of a privilege log, and requested supplementation by a stated deadline" [Doc. 143 p. 3]. Plaintiffs claim that Defendant thereafter "began a slow, rolling production of documents that were clearly responsive to the original requests and should have been produced months earlier" [*Id.*]. Plaintiffs state that on February 23, 2026, Defendant "produced a

supplemental response, including incomplete email chains in non-native PDF format[,]" which was contrary to the parties' "agreement to produce emails in their native format" [*Id.* (citation omitted)]. In addition, Plaintiffs submit that on April 9, 2026, Defendant made another production and that on May 15, 2026, it produced a privilege log [*Id.*].

Plaintiffs now challenge Defendant's General Objection D, which Defendant asserted in response to RFP Nos. 2, 3, 13, 14, 16, 18 and 20 [*Id.* at 5–9]. They argue that Defendant's rolling production and deficient responses warrant an order to compel [*Id.* at 9–10]. In addition, they contend that Defendant's privilege log is untimely and insufficient [*Id.* at 10]. Further, Plaintiffs state that Defendant must produce documents in native format as agreed and that it violated its obligations under Rule 26(e) and (g) of the Federal Rules of Civil Procedure, especially with respect to the failure to timely produce the body camera footage [*Id.* at 10–12]. Plaintiffs asks the Court to: (1) grant their motion, (2) find that Defendant violated Rules 26(e) and (g), (3) overrule Defendant's General Objection D, (4) order Defendant "to conduct a new, diligent search for all responsive documents and serve supplemental responses certifying that its production is complete[,]" (5) order Defendant "to search for and produce all body camera footage from June 19, 2022, and any other dates responsive to the requests, and to certify its searches are complete[,]" (6) order Defendant "to produce a supplemental privilege log with sufficient detail to allow Plaintiffs and the Court to assess its claims of privilege[,]" (7) compel Defendant "to produce all responsive, non-privileged documents and ESI within the scope of permissible discovery, including materials withheld under the [Defendant's] categorical temporal limitation to the extent the Court determines that limitation is overbroad, and at minimum requiring production of any pre-May 23, 2022 materials referenced, forwarded, or attached in post-May 23, 2022 communications[,]" (8) require Defendant "to re-produce responsive email ESI in native format

(or another Court-approved reasonably usable format) with intact metadata, complete threading, and all attachments[,]" (9) require Defendant "to provide a sworn declaration describing the searches performed for responsive documents and ESI and certifying completeness subject only to properly asserted privileges[,]" (10) "[a]ward[] Plaintiffs their reasonable expenses, including attorneys' fees, incurred in bringing this [m]otion[,]" and (11) "[g]rant[] such other and further relief as the Court deems just and proper" [*Id.* at 13].

Defendant responds in opposition to the motion [Doc. 151]. It argues that Plaintiffs' motion does not contain the required certification that they met and conferred prior to filing it [*Id.* at 1]. In addition, Defendant claims that Plaintiffs' motion is untimely [*Id.* at 1–2]. But regardless, Defendant contends that the Court should deny the motion on its merits. [*Id.* at 2]. It denies that it served a rolling production of documents but claims it supplemented discovery as allowed under Rule 26(e) [*Id.*]. Defendant states that its privilege log complies with Rule 26(b)(5)(A) and that Plaintiffs' assertion that it "failed to produce [ESI] . . . in 'native format' . . . is patently false" [*Id.* at 3]. With respect to Plaintiffs' argument about the body camera, Defendant relies on its previous filings [*Id.* (citing Docs 108 & 109)]. It seeks attorney's fees in relation to this motion [*Id.* at 4].

Plaintiffs filed a reply, claiming that the undersigned "expressly confirmed via email that a meet-and-confer was not required before filing this [m]otion" [Doc. 154 p. 2]. They deny their motion is untimely, arguing that "[Defendant's] own conduct forecloses any claim of untimeliness" [*Id.*]. Moreover, Plaintiffs claim that the "denial is warranted only when the movant has not been diligent or when the motion is filed in bad faith" [*Id.* at 3]. They submit that Defendant's arguments on the merit fail [*Id.* at 4–7]. Plaintiffs state that Defendant's request for sanctions should be denied [*Id.* at 7–8]. They maintain that the Court should grant the requests for relief that they identified in their motion [*Id.* at 9–10].

## II. ANALYSIS

Under Rule 37(a), a party may move to compel discovery of relevant information. *Shelbyville Hosp. Corp. v. Mosley*, No. 4:13-CV-88, 2017 WL 1155046, at *2 (E.D. Tenn. Mar. 27, 2017) (citing Fed. R. Civ. P. 37(a)). "The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a). The party moving to compel "bears the initial burden of proving that the information sought is relevant[.]" *Id*. (quoting *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). Once the party shows relevancy, "the burden shifts to the party resisting discovery to demonstrate 'why the request is unduly burdensome or otherwise not discoverable.'" *First Horizon Nat'l Corp. v. Houston Cas. Co.*, No. 2:15-CV-2235, 2016 WL 5869580, at *4 (W.D. Tenn. Oct. 5, 2016) (quoting *Anderson v. Dillard's, Inc.*, 251 F.R.D. 307, 310 (W.D. Tenn. 2008)).

Plaintiffs' motion does not include the required certification and may be denied on that basis alone. *See Johnson v. Chambers-Smith*, No. 2:22-CV-02455, 2023 WL 3243198, at *3 (S.D. Ohio May 4, 2023) ("Plaintiff's failure to include a good-faith certification is fatal." (citation omitted)); *United States v. Scherer*, No. 2:19-CV-03634, 2022 WL 4311091, at *1 (S.D. Ohio Sept. 19, 2022) (denying the defendant's motion to compel because he failed to include the certification and had not demonstrated that he did meet and confer in good faith); *Kuczak v. City of Trotwood*, No. 3:13-CV-101, 2016 WL 4500715, at *2 (S.D. Ohio Aug. 26, 2016) ("Plaintiff's counsel's failure to comply with the good faith requirement under Rule 37 and S.D. Ohio Local Rule 37.1 provides a basis upon which the [c]ourt can deny [p]laintiff's motion in its entirety — without prejudice, and as prematurely filed.").

Plaintiffs claim that the undersigned "expressly confirmed via email that a meet-and-confer was not required before filing this [m]otion" [Doc. 154 p. 2 (footnote and citation omitted)]. Specifically, on June 2, 2026, Plaintiffs emailed Chambers outlining various discovery disputes and noting that "the parties have been meeting and conferring for months regarding these same discovery issues" [Doc. 154-1 pp. 1–2].[1] The Court responded to the email:

> Thank you for your email. Judge Collier's Scheduling Order does not require the parties to participate in an informal discovery dispute conference. The parties have leave to file appropriate motions. Nonetheless, the Court encourages the parties to meet and confer prior to filing motions.

[*Id.* at 1].

The Court did not waive the requirement to meet and confer. Indeed, the Court directed the parties to file "appropriate motions" [*Id.*]. An appropriate motion is one that complies with the Rules. *See Cogan Imports, Inc. v. Dharod*, No. 3:16-CV-00352, 2018 WL 11433010, at *2 (W.D. Ky. June 11, 2018) ("It certainly is true that a certification of a good faith effort to confer is required by the provisions of Rule 37(a)(1) when a party files a motion to compel disclosure or discovery." (citations omitted)). Plaintiffs did not do so.

Still, Plaintiffs contend that "[e]ven if the requirement is applied, [their] detailed deficiency letter and multiple emails to defense counsel constitutes a good-faith attempt to confer within the meaning of Rule 37(a)(1)" [Doc. 154 p. 2]. Plaintiffs do not attach their "detailed deficiency letter and multiple emails to defense counsel" [*See* Docs. 143 & 154]. Nevertheless, the Court has located a deficiency letter dated November 13, 2025 ("November 13 Letter") [Doc. 141-2] and Defendant's November 20, 2025 response thereto ("November 20 Response") [Doc. 146]. Other

---

1 The Court has not endeavored to determine if the issues outlined in the email are the same issues presented in the instant motion.

than identifying Defendant's General D objection as "overly restrictive and inconsistent with the scope of the discovery[,]" it does not appear that the November 13 Letter relates to all the issues that are now pending before Court [*See* Doc. 146-2]. For instance, the issue with the email production arose in February 2026, and Plaintiffs have not shown that they discussed this issue with Defendant. This issue appears to be one that the parties could resolve without judicial intervention. *See Green v. Platinum Rests. Mid-Am., LLC*, No. 3:14-CV-439, 2018 WL 11426960, at *11 (W.D. Ky. July 12, 2018) (noting that the purpose of Rule 37(a)(1) "is to place the onus on the parties, at least initially, to make a good faith effort to resolve their dispute without the necessity of involving the [c]ourt"). Indeed, Defendant represents that the first time Plaintiffs raised this issue with the email production was when they noted it in their reply to another motion, which was filed one day before the instant motion [*See* Doc. 141]. The parties therefore have not engaged in the required meet and confer process. *See State Farm Fire & Cas. Co. v. Romar Constr. Co.*, No. 1:24-CV-0158, 2024 WL 7097654, at *4 (E.D. Tenn. Aug. 16, 2024) ("The good faith conferral certification in Rule 37(a)(1) is not an empty formality and the parties are required to engage in meaningful attempts to resolve discovery disputes prior to filing such motions." (citation modified)).

Moreover, Plaintiffs' motion is untimely. The discovery deadline expired on May 29, 2026 [Doc. 105]. Plaintiffs filed their motion on June 5, 2026 [Doc. 143]. "A district court may properly deny a motion to compel discovery where the motion to compel was filed after the close of discovery." *Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (quoting *Willis v. New World Van Lines, Inc.*, 123 F.Supp.2d 380, 401 (E.D. Mich. 2000)). Plaintiffs assert, "A motion to compel filed after the close of discovery may be timely when the responding party's dilatory conduct extends beyond the deadline" [Doc. 154 pp. 2–3]. Plaintiffs argue that Defendant

"made supplemental productions on February 23, 2026, April 9, 2026, and May 15, 2026—each revealing documents plainly responsive to Plaintiffs' November 2025 requests" [Doc. 154 p. 3 (emphasis omitted)]. But take, for example, Plaintiffs' challenge to Defendant's General Objection D. Plaintiffs identified this issue in their November 13 Letter [Doc. 141-1 pp. 1–2], and Defendant set forth the reasons for its objection in its November 20 Response [Doc. 146 pp. 16–17]. Yet, Plaintiffs filed their motion over five months later, after the deadline for discovery, asking Defendants to produce all responsive documents without regard to the temporal limitation [*See* Doc. 143 ¶¶ 3 & 7]. Further, Plaintiffs represent that "[o]n February 23, 2026, [Defendant] produced a supplemental response, including incomplete email chains in non-native PDF format" [*Id.* (citation omitted)]. That occurred three months before the discovery deadline. Plaintiffs' motion is therefore untimely.

Plaintiffs, however, claim that on May 15, 2026, Defendant produced an insufficient privilege log [Doc. 143 p. 10]. They state that the descriptions of the communications are "vague" and that "they suggest the communications contain purely factual information from a key fact witness (Sgt. Coward) to the [Defendant's] lawyer" [*Id.*]. Plaintiffs argue that Defendant has not met its burden to show that these are protected communications and that the Court should compel it "to produce a more detailed log and, if necessary, submit the documents for *in[-]camera* review" [*Id.* (italics added)].

Defendant responds that its privilege log complies with Rule 26(b)(5)(A) and that the documents are protected by the attorney-client privilege [Doc. 151 p. 3]. It states that "to the extent the Court desires to review the documents in camera, [it] . . . has no objection to providing the documents to the Court" [*Id.*].

Plaintiffs reply that "[t]he attorney-client privilege does not protect underlying facts communicated to an attorney; it protects only communications seeking or providing legal advice" [Doc. 154 p. 6]. Plaintiffs argue that Defendant "has not met its burden to establish that the entire communications—as opposed to purely factual portions—are privileged" [*Id.*]. According to Plaintiffs, "The Sixth Circuit has emphasized that a party claiming privilege must provide sufficient detail to allow the court to assess the claim and that the burden is on the party asserting the privilege" [*Id.*]. Plaintiffs contend that Defendant's "conclusory log entries do not satisfy [its] burden" [*Id.*]. They maintain that Defendant "should be required to produce a more detailed log; alternatively, the Court should conduct an *in[-]camera* review" [*Id.* (italics added)].

Rule 26(b)(5) addresses how parties may assert privileges. It states that the party claiming privilege must

> i. expressly make the claim; and
>
> ii. describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A)(i)–(ii). "Rule 26 imposes . . . a burden to assert privilege with adequate particularity and context for the assertion to be evaluated." *Grae v. Corrs. Corp. of Am.*, No. 3:16-cv-22667, 2020 WL 3035915, at *4 (W.D. Tenn. June 5, 2020). This burden rests on the party claiming the privilege. Fed. R. Civ. P. 26(b)(5)(A).

Defendant's privilege log contains the author of the communication, the recipients, the date, the method of communication (i.e., email), the subject matter of the communication, a description of the communication, and the privilege asserted [Doc. 143-4 p. 2]. Specifically, the privilege log states, in relevant part:

Doc. No. 1
Subject matter: Communications regarding drugs and scales found at Billiards & Brews bar on July 29, 2022.
Description: Questions regarding items found and reporting obligations.
Basis for Privilege: Legal advice and communications

Doc. No. 2
Subject matter: Communications regarding drugs and scales found at Billiards & Brews bar on July 29, 2022.
Description: Answers to questions asked in Doc. 1
Basis for Privilege: Confidential communications with legal counsel

Doc. No. 3
Subject matter: Communications regarding drugs and scales found at Billiards & Brews bar on July 29, 2022.
Description: Evaluation of answer given by Taylor in Doc. No. 2.
Basis for Privilege: Legal analysis

Doc. No. 4
Subject matter: Communications regarding possible sale of beer by Billiards & Brews
Description: Status of beer permit and applicable state statue if beer is being sold.
Basis for Privilege: Legal analysis and description

Doc. No. 5
Subject matter: Communications regarding possible sale of beer by Billiards & Brews
Description: Response to No. 4
Basis for Privilege: Description of response based on legal analysis and description

Doc. No. 6
Subject matter: Communications regarding possible sale of beer by Billiards & Brews
Description: Legal regal ramifications if Billiards & Brews sells beer without a permit
Basis for Privilege: Legal analysis

[Doc. 143-4]. Plaintiffs claim the descriptions are vague and suggest that "purely factual information" was conveyed [Doc. 143 p. 10], but they provide the content of the communication and a description of why Defendant has asserted the privilege. *See Carhartt, Inc. v. Innovative*

*Textiles, Inc.*, 333 F.R.D. 118, 121 (E.D. Mich. 2019) (finding the privilege log sufficient when it contains, among other items, "a description of why privilege is claimed (e.g., it discusses or contains reflections on confidential legal advice . . .)"). The privilege log is sufficient.[2]

Plaintiffs also claim that the privilege log was untimely and that Defendant violated Rules 26(e) and (g) as demonstrated by its "pattern of rolling productions" [Doc. 143 p. 11]. They assert, "No reasonable inquiry was conducted, as evidenced by the steady stream of 'newly found' documents" [*Id.*]. According to Plaintiffs, "[Defendant's] failure is most glaring with respect to body camera footage" which was "subject to production under Rule 34" [*Id.* at 12]. Plaintiffs state that Defendant produced the footage on February 23, 2026 (after the Plaintiffs filed their Rule 60 [motion])" [*Id.*].[3] Plaintiffs assert Defendant's subsequent productions were not timely under Rule 26(e) [*Id.*].

Defendant denies that there was a rolling production, stating that instead, it supplemented its discovery responses under Rule 26(e) [Doc. 151 p. 2]. Relying on a declaration from its counsel, Attorney Michael S. Kelley, Defendant claims that "[w]hen responsive documents were located, the documents were produced" [*Id.* (citing Doc. 146 ¶ 5)].

---

[2] Both parties assert in a conclusory fashion that the Court may review the documents in camera. But Rule 26 does not require the Court to do an *in-camera* inspection. *Grae v. Corr. Corp. of Am.*, No. 3:16-CV-2267, 2020 WL 3035915, at *4 (M.D. Tenn. June 5, 2020). "Rather, it is within the discretion of the district court, 'depend[ing] on the facts and circumstances of the case,' whether and how extensively to engage in an *in camera* review of actual documents." *Id.* (alteration in original) (quoting *Invesco Institutional (N.A.), Inc. v. Paas*, 244 F.R.D. 374, 382 (W.D. Ky. 2007)). The parties have not sufficiently argued why the Court would need to perform an *in-camera* review.

[3] On August 21, 2026, United States District Judge Curtis C. Collier denied Plaintiffs' Rule 60 motion [Doc. 178]. He also denied Plaintiffs' Motion for Sanctions because they failed to comply with the Local Rules [*Id.*].

Plaintiffs reply that Rule 26(e) is "not a license to conduct an inadequate initial search and then dribble out documents over six months" [Doc. 154 p. 7]. Defendant's assertion that it did not submit a rolling production, Plaintiffs assert, "is contradicted by the record" [*Id.*]. Plaintiffs state, "[Defendant] produced documents on February 23, 2026, April 9, 2026, and May 15, 2026, each time producing materials that were plainly in its possession and responsive to the November 2025 requests" [*Id.* at 7]. They argue, "A party cannot satisfy its discovery obligations by conducting an inadequate search and then claiming compliance when belatedly discovered documents are produced months later" [*Id.*].

The Court finds Defendant has not violated Rule 26(g)(1). Plaintiff states that Defendant violated Rule 26(g)(1) because its counsel certified "that 'to the best of the person's knowledge, information, and belief formed after a reasonable inquiry,' the response is 'complete and correct as of the time it is made'" [Doc. 143 p. 11 (quoting Fed. R. Civ. P. 26(g)(1)(A))]. But Defendant's responses to several of the RFPs noted that "[t]o the extent that Defendant finds additional responsive documents through its electronic search, these will be produced" [*See, e.g.*, Doc. 143-1 p. 3]. *See Feltenstein v. City of New Rochelle*, No. 14-CV-5434, 2018 WL 3752874, at *9 n 8 (S.D.N.Y. Aug. 8, 2018) ("Defendant comported with [p]laintiff's discovery request and noted that the disclosures were complete and correct at the time, and that they would supplement their disclosures at a later time following further investigation. The fact that [d]efendant supplemented [its] disclosures in an untimely fashion is of no import to the Rule 26(g)(1)(A) inquiry because there is no indication that [d]efendant[] did not believe, after a reasonable inquiry, that [its] initial Rule 26(a) disclosures were complete and correct at that time.").[4]

[4] As to the body camera footage, there seemed to be a dispute about whether it was relevant or should be produced [Doc. 109 ¶ 4]. But regardless, when Plaintiffs' counsel's office emailed

Moreover, Defendant supplemented its discovery responses. Plaintiffs claim that Defendant's supplement was untimely. Under Rule 26(e), the parties have a continuing obligation to supplement their discovery responses "in a timely manner." Fed. R. Civ. P. 26(e). Rule 26(e) does not define "in a timely manner" and the phrase "necessarily depend[s] on the facts and circumstances of each case." *EEOC v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 795 (E.D. Tenn. 2016) (citation omitted), *aff'd*, 899 F.3d 428 (6th Cir. 2018). "Parties should supplement disclosures and responses 'periodically in a fashion that will allow [the opposing party] to conduct meaningful discovery and avoid undue delay in the progress of [the] case.'" *Id.* (quoting *U.S. ex rel. Fry v. Guidant Corp.*, No. 3:03–0842, 2009 WL 3103836, at *4 (M.D. Tenn. Sept. 24, 2009)). Here, Defendant supplemented its responses on February 23, 2026, April 9, 2026, and May 15, 2026—all before the discovery deadline. *Cf. Dolgencorp, LLC*, 196 F. Supp. 3d at 795 ("Courts are likely to determine that a party violated Rule 26(e) when the party supplemented disclosures or responses after the discovery deadline in the case." (citations omitted)). And the May 15 production merely included a privilege log containing six documents [*See* Doc. 143 p. 4]. The Court finds Plaintiffs' argument not well taken.

As a final matter, Defendant seeks its attorney's fees under Local Rule 37.2, which states, "The filing or serving of unnecessary discovery motions, applications, requests, or objections will subject the offender to appropriate remedies, including the imposition of costs and counsel fees." E.D. Tenn. L.R. 37.2. The Court declines to award fees here. *See Valassis Commc'ns, Inc. v. Aetna Cas. & Sur. Co.*, 97 F.3d 870, 873 (6th Cir. 1996) (acknowledging that "the district court is the final arbiter of its own local rules" (citations omitted)); *see also Hoogerheide v. IRS*, 637 F.3d 634,

---

defense counsel and stated that the footage was not produced, defense counsel stated that he would produce it [*Id.* at 4].

639 (6th Cir. 2011) (stating that the district court "had discretion to overlook errors in 'its own local rules'" (quoting *id.*)); *United States v. Roberts*, 978 F.2d 17, 20 (1st Cir. 1992) ("A district court possesses great leeway in the application and enforcement of its local rules." (citations omitted)). But the Court admonishes Plaintiffs that any future motions must comply with the Rules.

## III. CONCLUSION

For the reasons set forth above , the Court **DENIES** Plaintiffs' Motion to Compel Discovery Responses and to Require Compliant Privilege Log [**Doc. 143**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge