UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| BILLIARDS AND BREWS, LLC, *et al.*, | ) | |
| *Plaintiffs*, | ) | Case No. 3:23-CV-181 |
| v. | ) | Judge Curtis L. Collier |
| CITY OF KNOXVILLE, TENNESSEE, | ) | Magistrate Judge Debra C. Poplin |
| *Defendant.* | ) | |

**M E M O R A N D U M**

Before the Court are Plaintiffs' objections to the Magistrate Judge's Memorandum and Order (Doc. 150) regarding Plaintiffs' Motion for Relief from the Scheduling Order to Extend the Discovery Deadlines as the Court Deems Necessary ("Motion to Extend") (Doc. 137) and Motion to Stike (Doc. 148). (Doc. 153.) Defendant responded (Doc. 160) and Plaintiffs replied (Doc. 162). For the following reasons, the Court will **DENY** Plaintiffs' objections (Doc. 153) to the Magistrate Judge's Memorandum and Order (Doc. 150).

## I. BACKGROUND

Plaintiffs commenced this action on May 23, 2023. (Doc. 1.) On January 7, 2025, the Court entered a Scheduling Order and set the discovery deadline for June 13, 2025. (Doc. 82 at 2, ¶ 5(e).) On May 12, 2025, the Court stayed discovery pending adjudication of Defendant's motion for summary judgment and Plaintiffs' request to amend their complaint. (Doc. 98 at 9.) On September 16, 2025, the Court denied Defendant's motion for summary judgment as to Plaintiffs' § 1983 claims of First Amendment retaliation that occurred after May 23, 2022. (Doc. 102.) The scheduling order was then amended on November 17, 2025, setting the discovery deadline for May 29, 2026, and the dispositive motion deadline for June 30, 2026. (Doc. 105 at 2, ¶ 5(e) and 6(a).)

On May 22, 2026, one week before the discovery deadline, Plaintiffs filed their Motion to Extend. (Doc. 137.) Plaintiffs made conflicting requests, first asking that the Court "extend the discovery deadline by sixty (60) days, while modifying all other deadlines accordingly such as dispositive motions deadlines," (*id.* at 1) and then later asking that the Court "extend the discovery deadline by sixty (60) days, while leaving all other deadlines undisturbed unless the Court determines conforming adjustments are necessary" (*id.* at 5–6). Plaintiffs' Motion to Extend first identified the need to depose Mayor Kincannon, Alyson Dyer, Officer Taylor, and Eve Thomas. (*Id.* at 1.) Plaintiffs then later stated they need additional time to "complete two identified depositions—Mayor Kincannon . . . and Alyson Dyer . . . and to complete only such narrowly tailored follow-up discovery as may reasonably be warranted by the testimony obtained." (*Id.* at 4.)

Defendant responded in opposition to the Motion to Extend (Doc. 138), relying in part on the Declaration of Michael Kelly, one of its attorneys (Doc. 139). Defendant did not oppose a thirty-day extension to depose Mayor Kincannon (Doc. 138 at 1, n.1.) but argued Plaintiffs failed to show good cause to depose the remaining three deponents: Dyer, Officer Taylor, and Thomas (*Id.* at 3–6). Defendant also argued it would be prejudiced by a sixty-day extension. (*Id.* at 6–7.) Plaintiffs filed a reply (Doc. 141) and relied in part on the Declaration of Russell Egli, their attorney (Doc. 141-1).

With the Court's permission (Doc. 144), Defendant filed a sur-reply (Doc. 145). Then, on June 9, 2026, Plaintiffs filed a Motion to Strike Defendant's sur-reply, requesting that the Court "strike the City's Surreply in its entirety, or in the alternative, strike the improper arguments and personal attacks contained therein and award the Plaintiffs their attorney's fees." (Doc. 148 at 4.) Defendant filed a response in opposition to the Motion to Strike. (Doc. 149.)

On June 10, 2026, the Magistrate Judge issued a Memorandum and Order which granted in part and denied in part Plaintiffs' Motion to Extend (Doc. 137) and denied the Motion to Strike (Doc. 148). (Doc. 150 at 1.) The Court extended the discovery deadline for the deposition of Mayor Kincannon because "Defendant agree[d] to an extension . . . in light of the Court's recent Order allowing it to proceed." (*Id.* at 4.) However, as to Dyer, Officer Taylor, and Thomas, the Magistrate Judge found that Plaintiffs had "not shown an extension is warranted." (*Id.* at 8.) On June 19, 2026, Plaintiffs filed six objections to the Memorandum and Order. (Doc. 153.) Defendant responded on July 6, 2026, arguing that Plaintiffs' objections do not meet the specificity requirements under Federal Rule of Civil Procedure 72 and fail on the merits. (Doc. 160.) Plaintiffs filed a reply. (Doc. 163.)[1]

## II. <u>STANDARD OF REVIEW</u>

Under 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a), a district court must modify or set aside a Magistrate Judge's non-dispositive pretrial order if it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). "This standard requires the District Court to review findings of fact for clear error and to review matters of law

[1] Portions of Plaintiffs' reply brief do not "directly reply to the points and authorities contained in the answering brief" as required by this Court's local rules. *See* E.D. Tenn. L.R. 7.1(c). For example, Plaintiffs attribute the following quote to Defendant, without any supporting citation: "The City argues that Plaintiffs 'have not shown and cannot show that they have been diligent in attempting to meet the deadline for completion of discovery.'" (Doc. 162 at 8.) The only place the Court can find this quote is in the opposition brief (Doc. 138 at 4) Defendant filed in response to Plaintiffs' Motion to Extend, not in Defendant's response to Plaintiffs' objections to the Magistrate Judge's Memorandum and Order (Doc. 160). Plaintiffs commit the same error again, attributing the following quote to Defendant, again without any supporting citation: "The City's argument that Plaintiffs 'have not taken a single deposition' . . . ." (Doc. 162 at 9.) Again, this quote is found in the opposition brief (Doc. 138 at 1) Defendant filed in response to Plaintiffs' Motion to Extend, not in Defendant's response to Plaintiffs' objections to the Magistrate Judge's Memorandum and Order (Doc. 160). These examples are not exhaustive. To the extent Plaintiffs' arguments in its reply brief (Doc. 162) go beyond replying to the points and authorities raised in Defendant's response to Plaintiff's objections (Doc. 160), the Court does not consider them.

de novo." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017)).

A finding of fact is "clearly erroneous when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *Hagaman v. Comm'r*, 958 F.2d 684, 690 (6th Cir. 1992) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). A district court may not reverse the Magistrate Judge's factual findings merely because it would have decided the matter differently, "[r]ather, the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Under the "contrary to law" standard, the Court "may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992) (quoting *Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983)); *see also Bisig*, 940 F.3d at 219 (explaining an order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law, or rules of procedure" (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## III. <u>DISCUSSION</u>

Plaintiffs object to the Magistrate Judge's Memorandum and Order (Doc. 150) on six grounds. (Doc. 153.) Defendant contests all six objections (Doc. 160). The Court will address each objection in turn.

### A. Objection One

Plaintiffs' first objection is that "[t]he Magistrate Judge's legal conclusion that Plaintiffs failed to show 'good cause' to extend discovery is contrary to established Sixth Circuit precedent." (Doc. 153 at 2.)[2]

Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.* The Court of Appeals for the Sixth Circuit has identified several relevant factors to this inquiry, including:

> (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests.

*Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010). "The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery." *Id.* The party seeking the modification "has the burden to show its own diligence to comply with the

---

[2] At its core, the majority of Plaintiffs' first objection is more a general disagreement with the Magistrate Judge's conclusion that an extension of discovery was not warranted for these three depositions than an articulable basis for how the conclusion was contrary to law. Such general disagreement typically will not suffice. *See Rahaman v. State Farm Mut. Ins. Co.*, No. 22-10635, 2022 WL 17337817, at *1 (E.D. Mich. Nov. 30, 2022) ("[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (quoting *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017)).

scheduling order." *Ward v. J.C. Penney Co., Inc.*, No. 14-2301, 2015 WL 13650207, at *3, n.4 (W.D. Tenn. Apr. 15, 2015).

The Magistrate Judge identified this standard (Doc. 150 at 5–6), however, Plaintiffs argue "[t]he Magistrate Judge's application of this standard was contrary to law" (Doc. 153 at 3). Plaintiffs object that the Magistrate Judge's "legal conclusion that Plaintiffs lacked diligence is contrary to law by failing to properly account for the City's role in obstructing and delaying these key depositions." (*Id.* at 4.)

The Court disagrees that the Magistrate Judge's opinion was contrary to law. At the outset, the Magistrate Judge correctly noted that Plaintiffs did not explicitly address the *Dowling* factors identified above in their Motion to Extend. (*See* Doc. 150 at 6; *see also* Docs. 137 and 141.) However, the Magistrate Judge still addressed the first three factors, finding that "Plaintiffs have had significant time to complete discovery, even when considering discovery was stayed for a period of time" and "Plaintiffs do not explain when they learned that they needed to take these depositions, nor do they explain how these depositions would affect the case." (Doc. 150 at 6.) The Magistrate Judge then considered the history of each deposition sought by Plaintiffs. (*See id.* at 6–8.)

Plaintiffs' first objection to the Magistrate Judge's Memorandum and Order as "contrary to law" appears to stem from the Plaintiffs' position that "[t]he record demonstrates Plaintiffs' diligence and the City's unresponsiveness." (Doc. 153 at 3.) Even so, the Sixth Circuit has "not identified any [*Dowling*] factor as dispositive." *Doe v. City of Memphis*, 928 F.3d 481, 502 (6th Cir. 2019) (McKeague, D., *dissenting*). Plaintiffs also argue that the *Dowling* "factors explicitly require consideration of whether the adverse party was responsive to discovery requests" and the Magistrate Judge did "not analyze this factor at all for the Dyer and Thomas depositions" and only

gave it "cursory treatment for the Taylor deposition." (Doc. 162 at 3–4.) It is true that courts should consider "whether the adverse party was responsive to prior discovery requests." *Dowling*, 593 F.3d at 478. While the Magistrate Judge did not formally address the fourth and fifth *Dowling* factor by name for each deposition, the Court finds that in identifying the *Dowling* factors and discussing the history of each deposition, including evidence proffered by both parties, the Magistrate Judge did consider both remaining *Dowling* factors: whether the moving party was dilatory and whether the adverse party was responsive to prior discovery requests.

The Court addresses each deposition separately.

**1. Dyer Deposition**

Starting with the Dyer deposition, the Magistrate Judge determined that "[u]nder these circumstances," Plaintiffs had not met their burden to warrant an extension. (Doc. 150 at 7.) The Magistrate Judge considered Plaintiffs' argument on Defendant's responsiveness that the "deposition was coordinated between the parties, a court reporter was retained, and the deposition was set to begin at an agreed time in the afternoon." (Doc. 150 at 6 (quoting Doc. 141 at 2).) But the Magistrate Judge also considered Attorney Kelley's representations that: (1) while the parties agreed to depose Dyer on April 9, 2026, Plaintiffs' counsel "never provided written notice giving the date and time"; (2) Attorney Kelley and Dyer appeared "at 9:00 a.m., the normal time for beginning a deposition"; (3) when no one was there, Attorney Kelley "ha[d] [his] office e-mail counsel to determine the reason he and a court reporter were not present"; (4) Attorney Kelley then learned that "[P]laintiffs' counsel had planned on starting the deposition in the afternoon"; and (5) Attorney Kelley submitted that Dyer was not available in the afternoon, so "the deposition had to be rescheduled." (Doc. 150 at 6–7 (quoting Doc. 146 ¶ 9).) The Magistrate Judge then considered Attorney Kelley's representations that later that afternoon, Attorney Kelley provided four

additional dates in April for the Dyer deposition and that Attorney Kelley followed up on May 20, 2026 to offer additional dates in May. (Doc. 150 at 7 (citing Doc. 139).) The Magistrate Judge finally considered Attorney Kelley's statement that "[n]one of these dates were accepted nor was [he] give[n] any reason why one of these dates could not be used for the deposition." (Doc. 150 at 7 (quoting Doc. 139 ¶ 6).)

Plaintiffs' objection as to the Dyer deposition states that "Plaintiffs coordinated former Mayor [sic] Dyer's deposition for an afternoon start and retained a court reporter," that "[d]efense counsel and the witness appeared in the morning and refused to return at the agreed-upon time," and that "[t]his constitutes diligence frustrated by the opposing party, not a lack of diligence." (Doc. 153 at 3.) However, as outlined above, the Magistrate Judge considered this evidence from Plaintiff (*see* Doc. 150 at 6). The Court finds that the Magistrate Judge's analysis as to the Dyer deposition was not contrary to law because the decision sufficiently considered both remaining *Dowling* factors: whether the moving party was dilatory and whether the adverse party was responsive to prior discovery requests.

**2. Thomas Deposition**

For the Thomas deposition, the Magistrate Judge began by acknowledging Plaintiffs' position that the deposition was "properly arranged and did not proceed due to the City of Knoxville unilaterally changing the scheduled deposition." (Doc. 150 at 7 (quoting Doc. 141 at 4).) The Magistrate Judge then considered that Defendant agreed that the deposition was set via subpoena. (*Id.* at 7.) The Magistrate Judge also considered that Attorney Kelley informed Plaintiffs' counsel that Thomas "had a prior commitment in Nashville" on the date of the subpoena and provided seven alternative dates in April. (Doc 150 at 7 (quoting Doc. 146 ¶ 8).) The Magistrate Judge also noted that, according to Attorney Kelley, "[n]one of those dates were

selected by counsel nor was [he] given a reason why [Attorney Egli] could not depose Chief Thomas on one of these dates." (*Id.* at 7 (quoting Doc. 146 ¶ 8).)

Plaintiffs' first objection for the Thomas deposition is that Thomas's unavailability on the subpoenaed date "is a clear example of the City's lack of responsiveness; a key *Dowling* factor the Magistrate Judge failed to properly weigh." (Doc. 153 at 4.) Plaintiffs are again correct that "whether the adverse party was responsive to prior discovery requests" is one of the factors to consider in the analysis. *See Dowling*, 593 F.3d at 478. But similar to the Dyer deposition, the Magistrate Judge did take this factor into account when she considered both parties' arguments regarding the scheduling history for the Thomas deposition, particularly that Defendant offered seven alternative deposition dates, which Plaintiffs, without explanation, did not accept. (*See* Doc. 150 at 7.) The Magistrate Judge's analysis with respect to the Thomas deposition was also not contrary to law.

### 3. Officer Taylor Deposition

Finally, as to Officer Taylor's deposition, the Magistrate Judge considered the following statement from defense counsel:

> On several occasions over the last eight (8) months, Russ Egli and Wendy Egli have sent e-mails to me demanding dates to take the deposition of Knoxville Police Officer Scott Taylor and asking for available dates. On each occasion, I have provided multiple dates. In all, I provided nine (9) dates when Officer Taylor and I were available: March 5, 9, 13, 18; April 21, 24, 30; May 4, 8. None of these dates were accepted.

(Doc. 150 at 7–8 (quoting Doc. 139 ¶ 4).) The Magistrate Judge noted that Plaintiffs did not address Officer Taylor's deposition in their reply. (Doc. 150 at 8.)

Plaintiffs argue that the Magistrate Judge's consideration of nine alternative dates to depose Officer Taylor "ignores the context of Plaintiffs' repeated scheduling requests over an eight-month period. Simply providing a list of dates after months of delay does not absolve a party of its duty

to cooperate in discovery." (Doc. 153 at 4.) Here, the Court cannot say the Magistrate Judge ignored this context. The Magistrate Judge did consider Defendant's responsiveness, particularly that defense counsel offered nine dates to depose Officer Taylor, none of which were accepted by Plaintiff. (Doc. 150 at 7–8.) And Plaintiffs still do not explain why none of those dates, prior to the end of discovery, were unacceptable. Again, the Court cannot find this analysis was contrary to law.

For these reasons, Objection One is overruled.

### B. Objection Two

Plaintiffs next object that "[t]he Order's factual findings regarding Plaintiffs' diligence are clearly erroneous, leaving a definite and firm conviction that a mistake has been committed." (Doc. 153 at 4.) The Court does not find Plaintiffs have established any findings of fact to be clearly erroneous. The Court addresses each deposition in turn, followed by Plaintiffs' general objection regarding "discovery."

#### 1. Dyer Deposition

As to Dyer's deposition, Plaintiffs state that "[t]he Magistrate Judge credited the City's assertion that Plaintiffs failed to provide written notice and that its counsel misunderstood the start time." (Doc. 153 at 4.) Plaintiffs argue this was error because "[t]his factual finding ignores the undisputed evidence that the deposition was coordinated for an afternoon start and that the City's counsel and witness refused to return," citing "Doc. 141 p. 2."[3] (Doc. 153 at 4.) Plaintiffs did not provide "undisputed evidence" as they claim. Page two of the reply brief (Doc. 141) simply states, without citation to any exhibit or other evidence, that:

> The deposition was coordinated between the parties, a court reporter was retained, and the deposition was set to begin at an agreed time in the afternoon. Despite that

[3] Doc. 141 is Plaintiffs' reply in support of their Motion to Extend.

> schedule, defense counsel and the witness appeared in the morning and later refused to return at the agreed start time, preventing the deposition from going forward as coordinated.

(Doc. 141 at 2.) Defense counsel expressly disputed this characterization of the Dyer deposition in an affidavit, explaining the misunderstanding. (*See* Doc. 146 ¶ 9.) And the Magistrate Judge considered evidence that defense counsel offered additional dates in April and May for Plaintiffs to depose Dyer following this misunderstanding. (Doc. 150 at 7 (citing Doc. 139).) There was also evidence considered by the Magistrate Judge that Plaintiffs' counsel did not accept any of these alternative dates and did not provide any reason why those dates would not work for Dyer's deposition. (Doc. 150 at 7 (citing Doc. 139 ¶ 6).) Plaintiffs' counsel did not provide the Magistrate Judge—and has yet to provide the Court with—any explanation why these alternative dates could not work to depose Dyer, all of which were prior to the discovery deadline. Based on the evidence in the record, the Court cannot say it was clearly erroneous for the Magistrate Judge to find that Plaintiffs had not met their burden for granting an extension to depose Dyer. (*See* Doc. 150 at 7.)

**2. Thomas Deposition**

Moving to the deposition of Thomas, Plaintiffs argue it was "clearly erroneous" that "[t]he Magistrate Judge found that Plaintiffs failed to meet their burden." (Doc. 153 at 5.) Plaintiffs state that "[t]he record is clear: Plaintiffs properly subpoenaed a third-party witness, and the City—not the witness—unilaterally canceled the deposition two days beforehand." (*Id.*) Again, the Court cannot say it was clearly erroneous for the Magistrate Judge to find that Plaintiffs had not met their burden for granting an extension. Defendant did not disagree that the deposition was set via subpoena. (*See* Doc. 146 ¶ 8.) Yet, evidence in the record, and considered by the Magistrate Judge, supports that defense counsel was informed that Thomas "had a prior commitment in Nashville" and offered seven alternative dates to Plaintiffs' counsel to proceed with the deposition, none of which were selected by Plaintiffs' counsel. (*See* Doc. 150 at 7 (citing Doc. 146).) Similar

to the Dyer deposition, Plaintiffs' counsel did not give the Magistrate Judge—and still has not given the Court—any explanation why these alternative dates could not work to depose Thomas which were prior to the discovery deadline. The Magistrate Judge's construction of the evidence on this point was not "clearly erroneous."

### 3. Officer Taylor Deposition

Finally, for Officer Taylor's deposition, Plaintiffs argue that "[t]he Magistrate Judge's finding focuses only on the City's late-proffered list of dates while failing to credit Plaintiffs' repeated scheduling efforts over eight months." (Doc. 153 at 5.) Plaintiffs assert "[t]his narrow focus misrepresents the full record and leads to the erroneous conclusion that Plaintiffs were dilatory." (*Id.*) Again, Plaintiffs do not provide any evidence that this finding was clearly erroneous. The Magistrate Judge considered evidence in the record that supports that defense counsel "provided multiple dates" for Plaintiffs to depose Officer Taylor, including "March 5, 9, 13, 18; April 21, 24, 30; May 4, 8." (*See* Doc. 150 at 7–8 (quoting Doc. 139 ¶ 4).) Plaintiffs did not explain to the Magistrate Judge why these alternative dates could not work for Officer Taylor's deposition. Further, Plaintiffs did not address Officer Taylor's deposition in their initial reply brief (Doc. 141), nor did Plaintiffs offer any explanation in their objections why none of these dates, all prior to the close of discovery, were acceptable (Doc. 153 at 5). It was therefore not clearly erroneous for the Magistrate Judge to find Plaintiffs failed to establish their burden for granting an extension as to Officer Taylor.

### 4. Discovery

Finally, Plaintiffs' second objection contains a section with various statements about "discovery" devoid of any citations to the record or legal authority. (Doc. 153 at 5–6.) This section of Plaintiffs' objections does not identify a specific legal or factual error in the Magistrate Judge's

analysis but instead lists Plaintiffs' general grievances regarding discovery in this case. *Id.* This portion of Objection Two is improper as a mere disagreement with the Magistrate Judge's decision. *See Rahaman*, 2022 WL 17337817, at *1 ("[A]n objection that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." (quoting *Brown*, 2017 WL 4712064, at *2).

Objection Two is therefore overruled.

### C. Objection Three

In Objection Three, Plaintiffs argue that it was error for the Magistrate Judge to "refus[e] to consider the Declaration of Russ Egli [Doc. 141-1] in her good cause analysis." (Doc. 153 at 6.) Defendants respond that "Plaintiffs' third objection mischaracterizes the Magistrate Judge's opinion, which expressly addressed Egli's declaration." (Doc. 160 at 7.) In their reply brief, Plaintiffs further offer that "the Order simply adopted the City's account without addressing Attorney Egli's contrary evidence." (Doc. 162 at 6.)

Plaintiffs' objection mischaracterizes the Magistrate Judge's Memorandum and Order. (*See* Doc. 150 at 5.) The Magistrate Judge first summarized Defendant's opposition to Attorney Eglis's declaration based on alleged deficiencies under 28 U.S.C. § 1746 as well as Plaintiffs' argument in response. (*Id.* at 4–5.) The Magistrate Judge then explained, "[t]he Court need not decide this issue because *even if the Court considered Attorney Egli's declaration*, the Court finds Plaintiffs have not shown good cause to extend the discovery deadline for taking the remaining depositions." (*Id.* at 5 (emphasis added).) Thus, the Magistrate Judge did not "refus[e] to consider" the declaration, nor did the Magistrate Judge "sidestep[] the declaration's admissibility on hyper-technical § 1746 grounds" as Plaintiffs allege. (Doc. 153 at 6.) Rather, the Magistrate

Judge explained that the Court need not address the parties' arguments related to 28 U.S.C. § 1746 because even if she considered the Egli declaration, Plaintiffs would still fail to meet their burden of demonstrating good cause. (Doc. 150 4–5.)

Plaintiffs' third objection misrepresents the Magistrate Judge's opinion and is overruled.

**D. Objection Four**

Objection Four focuses on Plaintiffs' Rule 60(b) motion, which the Court notes at the outset it has already denied. (*See* Doc. 179.) For this objection, Plaintiffs argue that the Magistrate Judge's determination that "Plaintiffs' [then] pending Rule 60(b) Motion (Doc. 106) is 'irrelevant' to the discovery request [Doc. 150 p. 3 n.1] is contrary to law." (Doc. 153 at 7.) Defendant disagrees, arguing "[t]hat no resolution was suggested by the Magistrate concerning Plaintiffs' Rule 60 Motion. The Court took such action because Plaintiffs represented in their Motion for Relief that 'Plaintiffs do not seek additional discovery relief now based on [Plaintiffs' Rule 60 Motion].'" (Doc. 160 at 8.)

This objection is without merit. The Magistrate Judge did not find the Rule 60(b) motion "irrelevant." (*See* Doc. 150 at 3, n.1.) Rather, the Magistrate Judge was describing Defendants' brief in opposition. (*Id.* ("Defendants respond that the Rule 60 motion pertains to John Coward [Doc. 138 p. 7]. But regardless, it argues the Rule 60 motion is not relevant to Plaintiffs' request for an extension [*Id.*]"). The Magistrate Judge did find that "[t]he Court need not address this issue as Plaintiffs state in their motion that they are only alerting the Court to the pending motion." (*Id.*) And this determination was not "contrary to law" as it was Plaintiffs themselves who told the Court they were not seeking relief based on the Rule 60 motion. (Doc. 137 at 5.) Plaintiffs expressly stated in their motion that:

> Plaintiffs do not seek additional discovery relief now based on [the Rule 60] motion. Plaintiffs mention it *solely to advise the Court* that, if the motion is granted

> and claims are reinstated, Plaintiffs may need to request a further, targeted scheduling adjustment to address discovery specific to those reinstated issues.

(*Id.* (emphasis added).) It was therefore not "contrary to law" for the Magistrate Judge to take Plaintiffs at their word that additional discovery relief was not being sought based on that motion but future requests for relief could be forthcoming.

Objection four is overruled.

### E. Objection Five

Plaintiffs next object to the Magistrate Judge's prejudice analysis as "contrary to law." (Doc. 153 at 8.) Plaintiffs argue that "[b]ecause Plaintiffs established good cause, a proper prejudice analysis was required." (*Id.*)[4]

Under Rule 16's "good cause" standard, prejudice to the non-moving party is a relevant consideration. *Inge*, 281 F.3d at 625 ("Another relevant consideration is possible prejudice to the

---

[4] Plaintiffs cite to *Hlfip Holdings v. Rutherford County*, 2021 U.S. Dist. LEXIS 250862, at * 6–7 (M.D. Tenn. Apr. 5, 2021) as support. However, this pincite to *Hlfip Holdings* does not stand for the proposition that "a proper prejudice analysis was required" because the party established good cause. Plaintiffs also mischaracterize another case in their reply brief in discussing the Magistrate Judge's prejudice analysis. Plaintiffs cite *Wilburn v. Fateh Carriers, Inc.*, 2026 U.S. Dist. LEXIS 52393 *5–6 (M.D. Tenn. Mar. 13, 2026) for the proposition that "[a] party cannot claim prejudice from delays it caused." (Doc. 162 at 7.) *Wilburn* does not support this position. At issue in *Wilburn* was the Plaintiff's motion to amend his complaint after the deadline. 2026 U.S. Dist. LEXIS 52393, at *4. While the court there discussed the defendants' failure to fully respond to some discovery requests, it did not connect this fact to the prejudice analysis in the way Plaintiffs suggest. *See id.* at *5. Instead, the court found that the non-moving party "d[id] not specifically identify any prejudice that they will suffer if that Court allow[ed] an extension of the deadline to amend." *Id.* at *6. Thus, the Court found no prejudice to the non-moving party. *Id.*

These misrepresentations come after the Magistrate Judge's warning that "[f]uture citations that misrepresent authority will result in sanctions." (Doc. 150 at 6, n.2). And the Court has already discussed where Plaintiffs' briefing has mischaracterized the Magistrate Judge's Memorandum and Opinion. "A lawyer's misrepresentation of the law and facts heavily burdens the courts and their staffs. [The Court] rel[ies] on good briefing to narrow and clarify the issues for [its] review while helping [it] locate the facts and the law that will govern the case." *Whiting v. City of Athens Tennessee*, 170 F.4th 455, 468 (6th Cir. 2026). The Court will address this issue separately from the present motion.

party opposing the modification."). In the Memorandum and Order, the Magistrate Judge explained that "[b]ecause Plaintiffs have not met their burden in showing good cause, the Court need not address prejudice," citing *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 522 (6th Cir. 2017). (Doc. 150 at 8.) In *Gatza*, the Court of Appeals for the Sixth Circuit explained it did not need to examine prejudice to the non-movant because the moving party did not demonstrate good cause. 717 F. App'x at 522. However, there is Sixth Circuit precedent holding that "in addition to Rule 16's explicit 'good cause' requirement . . . a determination of the potential prejudice to the nonmovant also is *required* when a district court decides whether or not to amend a scheduling order." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (emphasis added) ("Our previous decisions [including *Inge*] suggest that the district court also is required to evaluate prejudice to the opponent before modifying the scheduling order.").

Regardless of whether prejudice to the non-moving party must still be evaluated when the moving party fails to establish good cause, the Magistrate Judge conducted such an evaluation here, explaining that "[e]ven if the Court considered prejudice, it weighs against the extension." (Doc. 150 at 8.) The Magistrate Judge noted that Plaintiffs commenced this case approximately three years ago and the dispositive motion deadline was upcoming on June 30, 2026.[5] (Doc. 150 at 8.) As part of the prejudice analysis, the Magistrate Judge thus considered the additional time and expense that would be incurred by Defendant and the risk that a sixty-day extension would jeopardize the remaining deadlines in the case. (Doc. 150 at 8–9 (citing *Snowden v. Schneider Elec. USA, Inc.*, No. 5:19-CV-192, 2019 WL 13301635, at *2 (E.D. Ky. Dec. 3, 2019)).)

[5] Plaintiffs' Motion to Extend was docketed on May 22, 2026. (Doc. 137.) A sixty-day extension would have necessarily required at least moving the dispositive motion deadline.

Plaintiffs offer an additional argument in their reply brief that "expenditures of time and money alone do not justify terminating discovery where a plaintiff has been diligent and may still discover information that could establish a genuine issue of material fact," citing *Doe v. City of Memphis*, 928 F.3d 481, 496 (6th Cir. 2019). (Doc. 162 at 3.) However, the court in *Doe* found the plaintiff had been diligent, unlike here. *See id.* And here, there were additional concerns beyond time and money, specifically that any extension would jeopardize the remaining deadlines in the case.

The Court therefore finds that the Magistrate Judge's prejudice analysis was not contrary to law. Objection five is overruled.

**F. Objection Six**

Finally, Plaintiffs object to the Magistrate Judge's decision to deny their motion to strike Defendants' sur-reply (Doc. 148). (Doc. 153 at 8–9.) Plaintiffs argue that "[b]y declining to strike the filing, the Magistrate Judge allowed the City to benefit from its incivility and improper arguments. This decision was contrary to the principles governing the court's inherent powers and constitutes reversible error." (Doc. 153 at 9.)

In the opinion, the Magistrate Judge summarizes the various requests to strike: "Defendant seeks to strike Plaintiffs' reply stating that they misquote the cases [*see* Doc. 145], Plaintiffs seek to strike Defendant's sur-reply stating that it is prejudicial and procedurally improper [*see* Doc. 148], and Defendant claims Plaintiffs' request is procedurally improper [*see* Doc. 149]." (Doc. 153 at 6, n.2.) The Magistrate Judge "decline[d] to strike any briefs" but noted that "Attorney Egli's citations, particularly the *Zaremba* cite, does [sic] not support the proposition he argues. Future citations that misrepresent authority will result in sanctions." (Doc. 153 at 6, n.2.)

The Court finds it was not "contrary to law" for the Magistrate Judge to decline to strike Defendants' sur-reply. Plaintiffs appeal to the Court's inherent authority to sanction, but Plaintiffs' own cited authority recognizes that such power is permissive. *See United States v. Gabriel Llanez-Garcia*, 735 F.3d 483, 492 (6th Cir. 2013) ("A court *may exercise* its inherent power to sanction when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct was tantamount to bad faith." (emphasis added)). Plaintiffs do not explain how the Magistrate Judge's declining to exercise such discretion was "contrary to law."

Further, to the extent Plaintiffs' motion to strike was made pursuant to Federal Rule of Civil Procedure 12(f), it was improper. Federal Rule of Civil Procedure 12(f) governs motions to strike and empowers courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The "federal rules make only one reference to a motion to strike in Rule 12(f)." *See Dawson v. City of Kent*, 682 F. Supp. 920, 922 (N.D. Ohio 1988), *aff'd* 856 F.2d 257 (6th Cir. 1988). This rule "relates only to pleadings and is inapplicable to other filings." *Id.* The Rules define only the following as "pleadings": a complaint; an answer to a complaint, a counterclaim, a crossclaim, or a third-party complaint; and a reply to an answer, where ordered by a court. Fed. R. Civ. P. 7(a). A sur-reply is not any of these documents and thus is not a "pleading" for purposes of the Rules. A sur-reply is therefore not within the scope of documents subject to a motion to strike under Rule 12(f)(2).

The Court therefore overrules Plaintiffs sixth objection.

## IV. <u>CONCLUSION</u>

For the reasons stated above, the Court finds the Magistrate Judge's Memorandum and Order (Doc. 150) was neither clearly erroneous nor contrary to law. The Court will **DENY** Plaintiffs' objections (Doc. 153).

**AN APPROPRIATE ORDER WILL ENTER.**

**/s/ ____________________________**

**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**